## DUNHAM v. DENNIS, *et al.*

1. PRESUMPTIONS. Every presumption in the appellate court is in favor the judgment below.
2. INSTRUCTIONS: PREJUDICE. No advantage can be taken of the erroneous decision of the court below in giving or refusing instructions when such decision worked no injury to the party complaining.
3. REPLEVIN: SET-OFF. Under section 1740, Code of 1851, any claim which would be the subject of an action against the plaintiff, and which was held by the defendant, either matured or not, at the time the suit was commenced, may be set up as a set-off in an action of replevin.

*Appeal from Cass District Court.*

WEDNESDAY, NOVEMBER 2.

REPLEVIN for one hundred and thirty-two head of cattle of the alleged value of $3300, which the petition charges were taken and driven by the defendants from the rush beds and willows in the Missouri river bottom in January and February, 1857.

The answer denies every material allegation of the petition and sets up that about the 27th of January, defendants, with the approval, and for the benefit of plaintiff, took into their possession eighty-six head of cattle which were in a starving condition, and took care of and fed sixty-eight of them until March 16th, 1857, and of the others, on an average, for a month. By way of cross action, defendants also claim some twelve hundred dollars for taking care of and feeding said cattle, and a lien on them for such care and feed. Replication in denial. Trial and judgment for plaintiff for the cattle, and in favor of defendant for $300. Plaintiff appeals.

*C. E. Stone* for the appellant.

*Baldwin & Douglass* for the appellee.

WRIGHT, C. J.—This case, like too many others which find their way into this court, is made up in an exceedingly loose and disjointed manner. Errors are assigned to the action of the court in refusing some. ten or twelve instructions asked by plaintiff, and yet what purports to be a bill of exceptions incorporating these instructions, is not signed by the judge nor does it contain a concise and plain, or any statement of the facts out of which the questions of law arose. If it was proper to rescind this part of the case therefore, every doubt as to the facts would of course be turned against the excepting party. But without reaching this ground, and without placing our decision upon the fact that that bill is unsigned, it is sufficient to say that there is nothing whatever to show the applicability of the instructions

and presuming that the court below decided correctly, we may conclude that they were refused because the testimony did not warrant them. Whether they would be correct in a case to which they were applicable we do not undertake to decide.

All that is said in the instructions, whether in those refused, or those given at the request of defendannts, as to the right of the bailees to a lien upon the cattle and to retain them against plaintiff, until paid for their care and feed, if ever so erroneous, is now a matter of no moment, for the verdict of the jury being in favor of plaintiff, *they* necessarily found against defendants as to their lien claimed. Plaintiff therefore complains of that which worked no injury to him at least.

The important and controlling question in the case is, however, whether defendants could set off in this action and take judgment over for the amount then due for taking care of the cattle.

Plaintiff claims the possession of the cattle and five thousand dollars as damages. The defendants deny this claim, and by way of cross action ask judgment for $1208, for rescuing, taking care of and feeding them. This the plaintiff denies in his replication and says that defendants are indebted to him in the sum of $3000, for cattle lost and destroyed by the wrongful acts of defendants, by their bad treatment, failure to feed them, and for the trouble and time of plaintiff in regaining possession of them. All the new matter of the replication was denied by the rejoinder, and upon the issues thus made up, the parties went to trial. Instructions were asked by plaintiff, to the effect that the matter set up by defendants could not be set off in an action of replevin. From an instruction given at the request of defendants as well as the verdict and judgment, it is manifest that the court held, and as we think, correctly, that the law was otherwise.

From the state of the pleadings, we think it may well be

claimed, that the action in its original form was measurably lost sight of, the contest turning upon the amount to which defendants were entitled for their care and feed, and how far plaintiff had shown a want of care on the part of defendants in discharging the trust undertaken by them. And if so, plaintiff has but little reason to complain.

But a ground quite as tenable and perhaps more satisfactory is that this was, under the Code, a proper matter to set off. In replevin the plaintiff claims the restitution of personal property, and damages in consequence of the wrongful detention. And it is to these damages that the set-off is pleaded or made a cross action. Not only so, but the language of the law is, that the defendant may set up by way of set-off or cross action, any claim which would have been the subject of an action against the plaintiff and which was held by defendant, either matured or not, at the time the suit was commenced. Section 1740. This language is general and justified the action of the court.

Judgment affirmed.