McKinlay v. McGregor.

plaintiff. They are not referred to in such a manner as to properly make them a part of the bill of exceptions. *Harmon* v. *Chandler*, 3 Iowa 150, and cases there cited.

We can not say that the verdict was so clearly against the evidence, as to entitle the defendant to a new trial.

It is objected that by this action, plaintiff is virtually permitted to take issue upon the matter stated in the affidavit for an attachment and that this is not permissible. We do not so understand the case.

Plaintiffs action is based upon the claim that the property in controversy is *exempt* from execution or attachment. If it was, then it was exempt from seizure by this process, and to regain the possession of it, he was entitled to this writ. Whether the plaintiff in the attachment made a good or bad affidavit for the same, whether he had or had not good reasons for the belief therein stated, whether the plaintiff in this case was owing him the amount stated or any amount— all these and other questions legitimately and usually arising in an action upon an attachment bond, were entirely immaterial in this case, and do not seem to have made any figure. The question tried seems to have been, whether the property was exempt.

Judgment affirmed.

--- ---

## McKINLAY v. McGREGOR.

1. TRESPASS: SURVIVOR. An action may be maintained, under the Code of 1851, against an administrator, for damages sustained by injuries inflicted upon the person of the plaintiff by the decedent.

*Appeal from Clayton District Court.*

WEDNESDAY, DECEMBER 7.

TRESPASS, for an injury to the person, by McGregor; the

action commenced after his death. The court below held that the cause of action did not survive, and dismissed the case.

*McKinlay pro se,* and *Poor, Adams & Crane* for the appellant.

*Noble & Drummond* for the appellees.

WRIGHT, C. J.—It was held in *Carson v. McFadden, ante,* that under the Code, an action for libel, did not die with the defendant. If not, then much more clearly this action does not.

The judgment is reversed and cause remanded.

---

## DUPONT V. DUPONT.

1. ALIMONY. A court of equity will render a decree for divorce and suitable alimony in favor of a wife who has deserted her husband without reasonable excuse, when it appears that her conduct subsequent to the separation has been without reproach, while that of the husband has rendered a reconciliation impossible without a sacrifice of principle and self respect on her part.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 7.

BILL and cross bill for divorce—the wife praying in the bill also for alimony. The plaintiff charges the defendant with adultery committed with a person named, *after* the separation. The defendant's cross bill bases the prayer for divorce upon allegations of desertion by the plaintiff without reasonable excuse. The evidence shows that plaintiff left the house of defendant, and fails to show any reasonable excuse therefor. It also shows that her conduct subsequent to that time was without reproach, while the defendant committed numerous acts of adultery with a wo-