## CHARLES B. KNOX, Admr. etc.

### *v.*

## THE CITY OF STERLING.

1. ACTION—*when it does not survive.* Where a party made an excavation in a street of a city without permission, into which a person fell and thereby received an injury, and the injured person recovered damages in a suit against the city, the latter giving the party making the excavation notice of the pendency of the suit before trial, and such party died before the statute of 1872, providing that certain causes of action should survive, went into force, it was *held*, in a suit by the city against the estate of such party, that the right of action did not survive, it being founded in tort.

2. JUDGMENT—*effect of notice to party liable over.* Where the author of a nuisance in a street is liable over to municipal authorities for any damages the corporation may be compelled to pay for his wrongful act, notice by the corporation to him, of a suit against it growing out of the nuisance, will not make him a party to the judgment, or estop him from questioning his liability when sued by the corporation.

3. MUNICIPAL CORPORATION—*remedy over against author of nuisance.* If a city, as between itself and the author of a nuisance in a street, is also a wrong-doer, it can have no remedy over against the author of the nuisance for damages it may be compelled to pay to a third person, in consequence of the wrongful act.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. SWEENEY & JACKSON, for the appellant.

Mr. JOHN G. MANAHAN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

An action on the case was brought in the Whiteside circuit court, by one Thomas, against the city of Sterling, to recover for personal injuries received by the former by falling into an excavation in one of the public streets of that city. This excavation was made under the sidewalk by William Edwards, while erecting stores on his own abutting property, without permission of the city to thus interfere with the street, and notice was given to him of the pendency of the suit, before trial. Judgment was recovered by Thomas against the city at the May term, 1870, for $850. An appeal was prosecuted to the Supreme Court, where it was affirmed. Edwards died December, 1871, and letters of administration issued from the county court of Rock Island county. The city of Sterling, having paid the judgment, presented a claim against intestate's estate, in the county court, for the amount of the judgment, costs and disbursements for attorney's fees. It was disallowed. An appeal was taken by the city to the circuit court of Rock Island county, where the case was tried before the court without a jury and there allowed, and judgment rendered for $1174, from which the administrator appealed to this court.

The only question arising upon the record is, whether, if Edwards was liable over, the cause of action survived against his estate. He having died before the statute of 1872 went into force, the question is to be determined solely by the principles of the common law. If the remedy over must be sought in an action founded in tort, and in form *ex delicto* for the recovery of damages, and the plea not guilty, the action would not survive against the administrator, but would fall within the maxim *actio personalis moritur cum persona.* 1 Chit. Pl. 68; *Barret* v. *Gaston,* Breese R. 255.

If the city had sued Edwards in his lifetime the action would have been in form *ex delicto* for damages, and the plea not guilty. The facts would not, at common law, sustain an action in form *ex contractu*, because the gist of the action would be for a tort—the creation of a public nuisance. Although notice was given to Edwards, he did not thereby become a party to the judgment. *Severin et al.* v. *Eddy*, 52 Ill. 189. Nor was he thereby estopped from showing that he was under no obligation to keep the street in a safe condition, or that it was not through his fault that the accident happened. *Chicago* v. *Robbins*, 4 Wall. 657; Dillon on Mun. Corp. sec. 795, and cases in notes.

The theory of the liability of the property owner over to the city is, that the former is the real author of the wrong, and by reason of the corporation not being itself a wrong-doer, but having, by its legal relative position to the public, been compelled to pay the damages sustained, it shall have a remedy over against the real author of the injury. If, as between itself and the author of the nuisance, the corporation was a wrong-doer, it could have no remedy over. Dillon on Mun. Corp. *supra*.

We are of opinion that the action did not survive against the administrator, and the judgment of the circuit court must, therefore, be reversed.

*Judgment reversed.*