## MARY ANN WEHR

v.

## JAMES W. BROOKS, EXECUTOR.

*Action for Personal Injuries—Survivorship—Statute—Parties.*

Under Sec. 123, Ch. 3, R. S., a right of action to recover damages for an injury to the person survives. This survivorship applies in case of the death of the defendant as well as that of the death of the plaintiff.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Sangamon County; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. ORENDORFF & PATTON, for plaintiff in error.
No counsel appeared for defendant in error.

*Per Curiam.* Plaintiff in error sued the deceased, in case, to recover damages for personal injuries by a cow alleged to have been kept by him with knowledge that she was vicious. Upon his death, after service of process and before trial, his executor was made defendant in his stead. There was a verdict for the plaintiff which the court set aside, whereupon the executor obtained leave to withdraw the pleas and then moved for judgment that the suit abate, because of the death of the original defendant since it was commenced, which was also allowed and the judgment entered.

This was error, the common-law rule being changed by Sec. 123 of Ch. 3 of the R. S., providing that " in addition to the actions which survive by the common law, the following shall also survive actions of replevin, actions to recover damages for an injury to the person," and others mentioned. This survivorship is not limited as to parties ; that it applies in the case of the death of plaintiff was expressly held in Murphy v. McGrath, 79 Ill. 594; and in that of the death of defendant clearly implied in Knox v. City of Sterling, 73 Ill. 214.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*