McCALEB, Justice.
 

 The plaintiff, Mrs. C. W. Matney, a married woman residing in the state of Texas, received personal injuries in an accident which occurred on March 2, 1940 near the city of Shreveport, Louisiana, when an automobile operated by her husband, and in which she was a passenger, collided with another car driven by one C. F. Ray.
 

 Plaintiff thereafter brought this suit in the District Court of Caddo Parish against Blue Ribbon, Inc., a Texas corporation and the employer of her husband, and the Great American Indemnity Company, a New York corporation and the liability insurance carrier of her husband’s employer, to recover damages for the injuries she received, claiming that her .injuries were attributable to the negligence of her husband who was, at the time of the accident, engaged in the performance of his duties as an employee of Blue Ribbon, Inc.
 

 In due course, the defendants appeared and filed a number of dilatory exceptions to plaintiff’s petition which were overruled by the court. In addition, the defendants interposed an exception of no right or cause of action. This exception was predicated on the theory that, since Mrs. Matney was a married woman domiciled in Texas and therefore governed by its laws and since, under the law of Texas, an .action in damages for the personal injuries received by a married woman was community property and could be asserted by her husband only, the plaintiff was without right to institute the suit and stand in judgment. For purposes of the trial of this exception, a stipulation was entered into by the litigants, wherein it was agreed that, under the law of Texas, Article 4619 of Vernon’s Civil Statutes, and the jurisprudence of that State, the! items of damage claimed by the plaintiff would belong to the community of acquets and gains in Texas and that an action for recovery of such damages in the courts of Texas could be maintained only by plaintiff’s husband in his own name. In support of the exception defendants’ counsel relied mainly on the case of Williams v. Pope Manufacturing Co., 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816, 78 Am.St.Rep. 390.
 

 The district judge, being of the opinion that the decision of the court-in the above-cited case was in point and that he was consequently bound by it, sustained defendant’s exception and dismissed plaintiff’s
 
 *510
 
 suit. Plaintiff thereafter appealed to the Court of Appeal, Second Circuit, where the ruling of the trial judge was reversed, defendants’ exception overruled and the case remanded for further proceedings.
 

 In its opinion, the Court of Appeal stated that the decision of this court in Williams v. Pope Manufacturing Co. was plainly in conflict with the settled jurisprudence of the Supreme Court of the United States and other federal and state courts and that it could not be distinguished in principle from those foreign authorities. But, believing that the views entertained in those jurisdictions enunciated a sound principle which should be adopted in Louisiana, it suggested that this court grant writs of certiorari and review in order that we could decide whether the conclusion in the Williams case should be maintained. Upon application of the defendants, writs were accordingly granted and the shatter is -now before us for decision.
 

 It will be seen, from the foregoing statement, that the question presented in the case arises out of a conflict in the law of this State and that of Texas. Under Louisiana law, the right of a married woman to* recover damages for personal injuries sustained by her through the fault of another is her separate property for which she alone can bring suit. Article 2334 <?f the Civil Code, as amended by Act No. 170 of 1912 and Act No. 186 of 1920, which treats of the separate and common property of married persons, declares in part that: “The earnings of the wife when living separate and apart from her husband * * * actions for damages resulting from offenses and quasi offenses * * * are her separate property.”
 

 And, Article 2402 of the Civil Code, as amended by Act No. 68 of 1902, which deals with the property forming the community of acquets and gains, provides in part: “But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife
 
 and recoverable by herself alone;
 
 * * ” (Italics ours).
 

 Hence, there can be no doubt that Mrs. Matney, having been injured in this State through the alleged negligence of another, is granted both a substantive and remedial right under our law to sue for and recover damages in our courts. But counsel for the defendants say that the right accorded to married women under Articles 2334 and 2402 of the Civil Code extends only to married women residing in Louisiana and that, since the plaintiff lives in Texas (where the right of action for personal injuries to a married woman is the property of the community and can be asserted only‘by her husband), the doctrine applicable under the conflict of laws is lex loci situs, and not lex loci delicti or lex fori. Let us see.
 

 At the outset, it is well to note that an action ,in tort is transitory in its nature and may be brought in any jurisdiction in which the wrongdoer is found. See 11 American Jurisprudence Verbo “Conflict of Laws”, Section 180, page 487. It is also firmly imbedded in the juris
 
 *512
 
 prudence of this country that all matters relating to the right of action in tort are governed by the lex loci delicti, or the place where the wrong was committed. See II American Jurisprudence § 182, page 490; Northern Pacific R. Co. v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958, 16 Rose’s Notes on U. S. Reports 1126, and Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499. Therefore, it would seem to follow that the plaintiff in this case is entitled to have her rights determined under Louisiana law.
 

 The question presented here is not novel. On the contrary, there is a wealth of precedent from the 'federal and other state courts on this -precise proposition. The unanimous view is that a married woman residing in one state, who is wrongfully injured in another state, may maintain an action in damages in the latter where the law of that state gives her a right of action, notwithstanding the fact that, in the state of her residence, the right of action is community property and recoverable only by her husband. It is only necessary, in the instant matter* to mention some of the cases decided by the federal courts which announce this principle.
 

 In Texas & P. R. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 528, 45 L.Ed. 747, the plaintiff, a married woman residing in Louisiana, filed suit in Arkansas to recover for injuries sustained by her in Arkansas as the result of negligence of the defendant railroad company. Her claim was resisted on the ground that, under the law of Louisiana which prevailed at that time, the right of action to recover for her personal injuries belonged to the community and that her husband alone had the right to maintain the suit. Under the law of Arkansas, however, she was granted a cause and right of action which she could assert in her own name. The Supreme Court of the United States, in upholding her right to bring the action in Arkansas in her own name for and on account of her sole and separate estate, observed: “However, whether the objection be that under the laws of Louisiana she could not recover in her own name at all, or could not, except her husband was a coplaintiff, because the damages claimed were community property, we agree with the circuit court of appeals that plaintiff’s rights in suing in Arkansas for an injury sustained there did not differ from those of any married woman domiciled in that state; that the legislature of Arkansas had determined by whom a suit might be brought for personal injuries sustained by a married woman; had enlarged the rights of married women in respect of damages recoverable by them on account of personal injuries sustained within the state; and that these laws necessarily inured to the benefit of every married woman who subsequently sued in the courts of the state for personal injuries there sustained, and must be held to have been, intended to have, and to have, a uniform operation throughout the state.”
 

 The court further declared: “These injuries were inflicted and this action was brought in the state of Arkansas.
 
 The
 
 
 *514
 

 place of the wrong and the place of the forum concurred, rnd the law of that place governed.
 
 If an action should be brought in Louisiana, the fact that the law of Arkansas differed from that of Louisiana
 
 would not prevent its application, unless opposed to some general public policy, the existence of which is not to be assumed ’’
 
 (Italics ours.)
 

 In Traglio v. Harris, 9 Cir., 104 F.2d 439, 441, 127 A.L.R. 803, the plaintiff, a resident of California where community-property law obtained, was injured in an automobile accident in Oregon and she brought suit in the United States District Court of Oregon to recover damages. The defendants contended that her claim could not be maintained because the injuries she received were due to the contributory negligence of her son which was imputable to her husband under California law and that, since under California law the action for her personal injuries formed part of the community and could be claimed by her husband only, she was unable to assert the right granted by the Oregon statute. The Court of Appeals rejected this proposition, and after citing the case of Texas & Pacific R. Co. v. Humble, supra, remarked: “When appellee entered Oregon she was extended by that state, the right te proceed along the highway without injury by negligent conduct of appellants, regardless of whether or not her husband, was also negligent — a right not extended to her by California. She sues for a violation of the Oregon right. It would be a strange situation to determine the existence and extent of the right by reference to the law of a state which did not recognize such a right. It seems apparent that the existence and extent of such right should be determined by the law of the state which extends it. We think a contrary rule, as applicable here, is unsound.”
 

 In the very recent case of W. W. Clyde & Co. v. Dyess, 126 F.2d 719, 722, decided by the Circuit Court of Appeals of the United States, Tenth Circuit, the same question was presented. There, Mrs. Dyess, a married woma'n residing in Texas, was injured while travelling by automobile in the state of Utah. She sued in the United States- District Court o.f Utah. The defendant contended that, since the damages for personal injuries under the laws of Texas became part of the community existing between plaintiff and her husband, plaintiff could not recover against the wrongdoer in Utah where the accident occurred and where she was given the right to recover for her personal injuries in her own name. The court, in holding that the law of Utah was applicable, stated: “There is nothing in the law of comity among states or of public policy which requires Utah to give effect to the laws of Texas in derogation of its own laws in respect to the rights of a married woman, either substantive or remedial, for the recovery of damages for personal injuries growing out of a tort committed in that state. Subject only to review on any federal question which might arise, Utah is free to fix by statute both the substantive and remedial rights of a married woman whether a resident or a nonresident concerning redress for such a wrong.”
 

 
 *516
 
 Counsel for the defendants recognize, as they must, the force of the foregoing pronouncements. However, they proclaim that the jurisprudence established by the federal and other courts has not been followed in Louisiana because of the peculiar features of our Civil Law. It is asserted that the provisions of Article 2400 of the Civil Code, which declares that all property acquired in this state -by nonresident married persons shall be subject to the same provisions of law which regulates the community between citizens of this state, pertain only to real property and not to movables; that a right of action to sue for personal injuries is an incorporeal movable and that it is established in our jurisprudence that the right or chose in action is governed by the law of the domicile of the owner.
 

 Many cases are cited by counsel in. support of the proposition that Article 2400 of the Code applies only to real rights and not to personal rights and that the community property law of this State does not extend to nonresident married women. However, the only case which may be said to have any bearing upon the right of action of a nonresident married woman to sue for the personal injuries received by her in this state is Williams v. Pope Manufacturing Co., supra. That decision, counsel maintain, controls the situation in the case at bar.
 

 In Williams v. Pope Manufacturing Co. the plaintiff, a married woman domiciled in Mississippi, while sojourning in Louisiana with her daughter, was defamed, unlawfully arrested and imprisoned as the result of the wanton and illegal acts of the agents of the defendant corporation. The defendant was domiciled in Connecticut, but had a branch office in Louisiana. Mrs. Williams filed suit in Louisiana in her own name seeking redress for the damages she sustained. At that time (prior to 1902 when the Civil Code was amended) it was well settled in Louisiana that a married woman was without a right of action to recover for personal injuries inflicted upon her; that the claim was community property and that suit could only be brought by the husband as head and master of the community. See Holzab v. New Orleans
 
 &
 
 C. Railroad Company, 38 La.Ann. 185, 58 Am.Rep. 177 and Harkness v. Louisiana & N. W. R. Co., 110 La. 822, 34 So. 791. The defendant, relying on the established jurisprudence, challenged the right of Mrs. Williams to sue in her own name. This plea was sustained by the lower court.
 

 On appeal to this court the judgment was reversed. The court found that, since the claim of Mrs. Williams was transitory in its nature and since it was a personal right to which she was entitled under the law of Mississippi (where the community property system did not exist), the courts of Louisiana would entertain the suit filed by her in her own name, even though a married woman domiciled in Louisiana had no such right of action.
 

 The judge of the lower court, in sustaining defendant’s exception, felt (so we are informed by counsel) that he was bound by the decision of this court in Williams v. Pope Manufacturing Co. And the Court
 
 *518
 
 of Appeal states in its opinion that that matter is indistinguishable in principle from the case at bar. For our own part, however, we do not encounter any difficulty in discerning a vast difference between the principle upon which the ruling in the Williams case is founded and the doctrine applicable to the case at bar.
 

 The question in Williams v. Pope Manufacturing Co. presents the reverse of the situation here. There, a nonresident married woman was attempting to invoke tha property laws of the state in which she was domiciled in order to obtain redress for a wrong cognizable under the law of this state. The defendant maintained that, since she had sought the processes of the Louisiana courts, she was bound by our community property law and, therefore, had no right of action because that right was vested exclusively in her husband. The court rejected this proposition declaring that, inasmuch as the action was a personal right which belonged to Mrs. Williams under the law of the state of her domicile, it could be exercised anywhere and that Louisiana would recognize her right even though the law of this state was different. The court did not say that, if her husband had brought the suit to recover for the plaintiff’s -injuries, his right to proceed under Louisiana law would have been denied because whatever judgment he might obtain would belong to his wife under Mississippi law. On the contrary, the court merely held that, in spite of the fact that plaintiff had no right under our law, we would give comity to and enforce the personal right granted her by the law of her domicile.
 

 The plaintiff in the case at bar was injured in this state and, under our law, she had a substantive and remedial right to prosecute the suit in her name. There is nothing in the law of comity between the several states which requires us to deny to her the right which is specially given under the Civil Code, as amended. If plaintiff’s husband had brought suit here to recover for the personal injuries, as head and master of the community existing between the parties in Texas, the decision in the Williams case would be applicable; And, if the decision there is to be followed, we would be bound to recognize his right of action. But this does not deprive his wife from asserting her own right of action, which is vested in her under our law, to obtain redress in the courts of the state where the cause of action arose.
 

 The right given by Articles 2334 and 2402 of the Civil Code to a married woman to claim damages for her personal injuries as her separate property and in her' own name is both substantive and remedial. The declaration of the law that ' the right of action is her personal property is substantive, and the provision that it is recoverable by her “alone” is remedial. Therefore, should it be suggested that the substantive right given is governed by the domicile of the party claiming it, it suffices to answer that the remedial right is cognizable under the law of the forum.- It is clearly settled that, where remedial rights are involved, the case must be governed by the law of the place where the remedy is sought. See American Jurisprudence, Section 186, page 498, and authorities there cited. .
 

 
 *520
 
 Viewing the right of action solely as a substantive right granted by the law of Texas, counsel for defendants insist that it is exclusively vested in plaintiff’s husband for the reason that the right is property. And they say that it is well established under our law that community property rights in Louisiana are confined to married women domiciled in this state. The answer to this contention is that counsel overlook the fact that the plaintiff is not asserting a community property right in this action because, under Louisiana law, the action for damages is her own personal property. Moreover, we do not find any limitation in the Civil Code declaring that the grant to married women of the right of action shall apply exclusively to women domiciled in Louisiana.
 

 In fine, it appears to us that the difficulty with the defendants’ position in this case is that they have confused the doctrine of lex loci situs with that of lex loci delicti. In cases of tort, the law of the place where the wrong was committed is paramount. The law of the domicile will not ordinarily be recognized in such matters. However, in exceptional circumstances where the law of domicile is not inimical to the public policy of the forum, the latter will recognize and enforce the law of domicile for reasons of comity. Such recognition was given in Williams v. Pope Manufacturing Co. But, that case cannot be viewed as holding that the right accorded by the law of this state would have been rejected, if the person, in whom the right was vested under the law, had sought to enforce it.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 ROGERS, J., absent. ,