William C. REEVES and Oleta Reeves, Appellants,

v.

Harvey Louis SCHULMEIER, Appellee.

No. 19322.

United States Court of Appeals
Fifth Circuit.

June 14, 1962.

Rehearing Denied July 17, 1962.

4. This amount was later changed by stipulation to $682,339.63.

James E. Grigsby and W. A. McWilliams, Oklahoma City, Okl., for appellants.

John H. Wood, Jr. and Beckmann, Stanard, Wood & Vance, San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from an order granting a summary judgment in a diversity action brought for damages for personal injuries.

Appellant, Oleta Reeves, plaintiff below, is a married woman who was domiciled at all times pertinent to this appeal with her husband in the State of Oklahoma. Appellee is a resident of Texas. On September 20, 1958, while riding as a passenger in an automobile in San Antonio, Texas, Mrs. Reeves allegedly sustained personal injuries when appellee negligently drove an automobile into the rear of the automobile in which she was riding. Her complaint was filed on June 6, 1959, in the United States District Court, followed by appellee's answer, alleging that the complaint failed to state a claim, denying negligence, and setting up contributory negligence of Mrs. Reeves and unavoidable accident as defenses. On April 5, 1961, appellee filed his first amended answer, which restated his defenses and alleged, in addition, that Mrs. Reeves was a married woman living with her husband in Oklahoma; that her husband had not joined in the action; that Mrs. Reeves had no right to

maintain the action without joinder of her husband; that more than two years had elapsed since the injury, without institution of a suit by her husband; and, that the claim of her husband was, therefore, barred by the statute of limitations. Thereafter, appellee moved for summary judgment. Mrs. Reeves answered in opposition to the motion, alleging, inter alia, that under the law of her domicile, Oklahoma, both the right to sue for damages for her personal injuries and the proceeds of recovery therefor are the separate property of a married woman, and that she is not, therefore, required to join her husband in a suit to recover such damages. Summary judgment for appellee was entered on August 30, 1961, prior to which the complaint had been amended by adding Mr. Reeves as a plaintiff.

Although no reasons for the judgment were stated by or required of the trial court, we take it that the basic theory upon which judgment was entered for appellee was that advanced by him in his first amended answer, viz: In Texas the right to sue for damages for a tort is a chose in action and property within the legal sense of the term.[1] If the right is acquired during marriage, since it is not acquired through gift, devise, or descent, it is community property,[2] for the recovery of which the husband alone may sue, in ordinary circumstances.[3]

Since under the law of Oklahoma, discussed *infra*, the cause of action for the personal injuries of a married woman, and the proceeds of recovery therefor, are her separate property, for which she may sue in her own name without joinder of her husband, the ultimate question to be determined is: What law is applicable to and governs the ownership of a cause of action for tortious injury to a married woman domiciled in Oklahoma,

the injury and suit both occurring in Texas? For the reasons stated below, we hold that the law of Oklahoma is applicable and governs.

■■ Pursuant to the rules announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1939) and evolved through its juridical progeny, federal courts are required to decide the issues presented in diversity litigation by resort to applicable state law, including state law relating to the conflict of laws. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In this regard, the rule that rights and liability in tort depend upon the substantive tort law of the place of the injury is one which is uniformly followed by the courts. Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158 (1933). Pronouncement of this rule, however, does not solve our problem here, for the Texas doctrine of community property law which classifies the action for personal injuries and the proceeds thereof as owned by the community estate cannot properly be said to be part of the substantive law of tort, even though, with respect to citizens of Texas, both the related rule requiring that it be the husband who must sue to recover for his wife's personal injuries and the so-called "community property defense" have often been employed to prevent recovery in tort. E. g. Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735 (1937); Bostick v. Texas & Pac. Ry., 81 S.W.2d 216 (Tex. Civ.App.1935) error dism'd.

We have not been referred by the parties to, nor are we aware of, any case in which the courts of Texas have applied the Texas community property doctrine in such a way as to defeat the asserted cause of action of a married woman domiciled in a non-community property state,

---

1. Ezell v. Dodson, 60 Tex. 331 (1883). Though dictum in the cited case, the rule has definitely been accepted by the Texas courts in subsequent cases.

2. See cases collected at 12 Tex.Jur.2d, Community Property, Sec. 26, p. 252, note 11.

3. Ezell v. Dodson, supra; Johnson v. Daniel Lumber Co., 249 S.W.2d 658 (Tex. Civ.App.1952) error ref.; see Green, The Texas Death Act, 26 Tex.L.Rev. 461 (1948) where this doctrine is penetratingly analyzed and criticized.

when she had pleaded and proved her rights under the law of the state of her matrimonial domicile. With the exception of the case discussed below, in all of the Texas cases applying the doctrine it was either found or assumed that the husband and wife were domiciled in Texas. The only Texas case closely parallel on its facts to the case at bar which our research has disclosed is Roberts v. Magnolia Petroleum Co., 135 Tex. 289, 143 S.W.2d 79 (1940). In that case, Elizabeth Roberts, joined by her husband *pro forma,* brought suit in a state court of Texas for damages for personal injuries arising from an automobile collision which occurred in Oklahoma. Both Mr. and Mrs. Roberts were citizens of and domiciled in Oklahoma. The petition alleged that Magnolia was liable as a principal for the negligent acts of its employee, with whom the Roberts had collided, and that the employee was himself liable to them. At the trial it appeared that the employee was acting outside the scope of his employment or contrary to his employer's instructions, or both, and that Mr. Roberts had executed a release to him for a valuable consideration. The trial court instructed a verdict in favor of both defendants. Affirming the judgment of the trial court, the court of civil appeals, without mention of the fact that the Roberts were domiciled in Oklahoma, restated the Texas rule requiring suit by the husband as a real party in interest, not merely *pro forma,* and assigned the *pro forma* joinder of Mr. Roberts as a reason for affirming the judgment. The Supreme Court of Texas, in conjunction with its refusal of an application for writ of error, published a *per curiam* opinion in which it said:

"  *   *   *   there were no allegations or proof that under the laws of the State of Oklahoma the cause of action for personal injuries was the separate property of the wife. In the absence of such allegations and proof, the case having been tried in the courts of this State, the law of the State would govern.  *   *   *."

The fact that the court found it necessary or desirable to utilize the unusual procedure of publishing a written opinion in conjunction with denial of an application for writ of error,[4] particularly an opinion dealing with dictum in the opinion published by the Court of Civil Appeals (the affirmance of the judgment of the trial court apparently being correct on other grounds), as well as .the language used by the Supreme Court, convinces us that it was the court's well-considered opinion that the application of the Texas law of community property to the plaintiffs by the Court of Civil Appeals was correct *only because* of the absence of allegation and proof that under Oklahoma law the action for her personal injuries was the separate property of the wife, but that had such allegation and proof been made, Oklahoma law would govern.[5] While the quoted language probably cannot be said to constitute a holding on the point, we are fully persuaded that in the circumstances of the case at bar the holding of the Supreme Court would be consistent with the clear implication of its opinion in Roberts v. Magnolia Petroleum Co., supra.[6]

4. Opinions of the Supreme Court of Texas are reduced to writing in denying an application for writ of error only rarely and in cases of an exceptional nature. Terrell v. Middleton, 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139 (1916); Brackenridge v. Cobb, 85 Tex. 448, 21 S.W. 1034 (1893).

5. Cf. Pacific Greyhound Lines, Inc. v. Tuck, 217 S.W.2d 699 (Tex.Civ.App. 1949) (opinion on motion for rehearing) error ref., n. r. e.

6. We think it not amiss to mention the fact that the opinion of the Supreme Court of Texas in Roberts v. Magnolia Petroleum Co. was not brought to our attention, nor, presumably, to that of the trial court, by either of the parties. Rather, the Court of Civil Appeals opinion in the same case was quoted at length in appellee's brief, without reference to the writ history of the case, or the fact that a Supreme Court opinion in the same case had been published. Whether this omission was due to a lack of care-

Other persuasive indicia that the courts of Texas would hold that the ownership of a cause of action for damages for the personal injuries of a married woman is governed by the law of the matrimonial domicile are the overwhelming majority of Texas cases which have held, even as to real property, that the law of the matrimonial domicile at the time of the acquisition of land in Texas governs as to the respective interests of husband and wife in the land. E. g., Blethen v. Bonner, 93 Tex. 141, 53 S.W. 1016 (1899); Oliver v. Robertson, 41 Tex. 422 (1874); Huston v. Colonial Trust Co., 266 S.W.2d 231 (Tex.Civ.App. 1954) error ref. n.r.e.; Toledo Society for Crippled Children v. Hickok, 252 S. W.2d 739 (Tex.Civ.App.1952) rev. on other grounds, 261 S.W.2d 692 (1953); Pechstein v. Pechstein, 174 S.W.2d 787 (Tex.Civ.App.1943) no writ hist.; Stanolind Oil & Gas Co. v. Simpson-Fell Oil Co., 85 S.W.2d 325 (Tex.Civ.App.1935) aff'd on other grounds, 136 Tex. 158, 125 S.W.2d 263 (1939); McDowell v. Harris, 107 S.W.2d 647 (Tex.Civ.App.1937) error dism'd Clardy v. Wilson, 58 S.W. 52 (24 Tex.Civ.App. 196, 1900) no writ hist.; McDaniel v. Harley, 42 S.W. 323 (Tex.Civ.App.1897) no writ hist. In view of this recognition of the control

ling effect of the law of the matrimonial domicile wtih respect to realty having its situs in Texas, we can conceive of no reason why the Texas courts would not apply the same law to determine ownership of interests in choses in action for personal injuries, acquired by virtue of the fact that such injuries occurred in Texas.[7]

Turning to other authority, we find it stated in 41 C.J.S., Husband and Wife, § 466, p. 991 that: "As a general rule the law of the matrimonial domicile controls the property rights of husband and wife. The character of the property as community or separate may be controlled by its actual or fictional situs, and in determining the applicability of a community property statute to property acquired in one state while the matrimonial domicile is in another, the situs of the property must be determined by reference to the general distinction between movable and immovable property." The Restatement, Conflict of Laws, §§ 292, 293, is in accord. The best statement of the principle which controls in the case at bar, however, is to be found in the Louisiana case of Williams v. Pope Mfg. Co., 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816 (1900).[8] In that case, a mar-

ful research, or to a lack of the candor expected of counsel practicing at the bar of this court, we cannot know. Assuming that it was the former, however, the importance which we assign to the case in question should serve to emphasize the importance of careful research by counsel, directed, at the very least, toward ascertaining that cases brought to our attention as authority represent the final pronouncements in the controversies with which they are concerned.

7. The principle was involved and recognized in McClain v. Holder, 279 S.W.2d 105 (Tex.Civ.App.1955) error ref., n. r. e. (property acquired in Oklahoma by a married woman who is a citizen of that state, and classified as her separate property under Oklahoma law, retains the classification given it by Oklahoma law, even after it is removed to a site in Texas.) In King v. Bruce, 145 Tex. 647, 201 S.W. 2d 803 (1947), cert. denied 332 U.S. 769, 68 S.Ct. 82, 92 L.Ed. 355, reh. denied 332 U.S. 820, 68 S.Ct. 151, 92 L.Ed. 396,

the Supreme Court of Texas applied the principle without respect to citizens of Texas, holding that the community property law of Texas governed the interests of spouses domiciled there, notwithstanding an attempt to alter the nature of their interests by contract while they were temporarily out of the state. Construing Texas law, we recognized the controlling effect of the law of the matrimonial domicile in Wrightsman v. C. I. R., 111 F.2d 227 (5th Cir. 1940) (income which was earned by the taxpayer during a portion of a year in which he was domiciled in Oklahoma was his separate property, while that earned during the remainder of the same year, while he was domiciled in Texas, was community property).

8. See Matney v. Blue Ribbon, Inc., 202 La. 505, 12 So.2d 253 (1942) for an excellent discussion of Williams v. Pope Mfg. Co., supra, in a case in which the Supreme Court of Louisiana was asked but refused to overrule Williams v. Pope Mfg. Co.

ried woman domiciled in Mississippi was injured in Louisiana. Under the Louisiana law in effect at the time of the injury, property acquired in Louisiana, including causes of action for damages for personal injuries, was deemed to be community property, and the husband, as head of the community, was the only person entitled to maintain an action thereon. Under Mississippi law the injured party was entitled to sue as the sole owner of the cause of action. The court said:

> "If [cause of action is to be treated and considered as personal property, its legal situs is at the matrimonial domicile of the plaintiff in the state of Mississippi, and for that reason cannot be considered as a community asset with its domicile in the state of Louisiana; and, being a debt, or chose in action, it belongs and attaches to the person of the plaintiff, follows her whereever she goes, and possesses no other situs than such as she is pleased to give it. Entertaining this view with regard to the demand of the plaintiff, and finding that in respect to the enforcement of same she is a person sui juris under the law of Mississippi, in which state her matrimonial domicile exists, our opinion is that she must be recognized as possessing legal capacity to institute and prosecute this suit in her own name * * *." [9]

■ In the absence of special pleading and proof, the courts of Texas presume that the law of a foreign matrimonial domicile is the same as that of Texas. Roberts v. Magnolia Petroleum Co., 135 Tex. 289, 143 S.W.2d 79 (1940); Blethen v. Bonner, 93 Tex. 141, 53 S.W. 1016 (1899); Crosby v. Huston, 1 Tex. 203 (1846). While Mrs. Reeves, in her affidavit in opposition to motion for summary judgment probably pleaded her rights under Oklahoma law with particularity sufficient for the purposes of summary judgment proceedings, we need not decide that question, for there is no need to allege or prove state law in the federal courts, American Seating Co. v. Zell, 138 F.2d 641 (2nd Cir. 1943) rev. on other grounds, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1057 (1949); Siegelman v. Cunard White Star, Ltd., 221 F.2d 189 (2nd Cir. 1955); Hassenplug v. Victor Lynn Lines, 163 F.2d 828 (3rd Cir. 1947), notwithstanding state law which requires special pleading and proof. Petersen v. Chicago, Great Western R. Co., 3 F.R.D. 346 (Neb.1943). The district court, as do we, judicially knows, Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939); Therrell v. C. I. R., 88 F.2d 869 (5th Cir. 1937), that under Oklahoma law an action for the recovery of damages for the personal injuries of a married woman is her separate property. Okla.Stat.Ann., tit. 32 § 15; Muskogee Electric Traction Co. v. Green, 91 Okl. 200, 217 P. 155; Casteel v. Brooks, 46 Okl. 189, 148 P. 158; Joiner v. Joiner, 131 Tex. 27, 112 S.W.2d 1049 (1938).

■ It being the law of Oklahoma which governs the classification of the interest of Mrs. Reeves in the cause of action asserted in the case at bar, it follows that the reason for the Texas rule which requires that the husband, as manager of the community estate, sue for his wife's personal injuries is inapplicable, and that, without a reason for its application, the rule itself cannot be applied to defeat appellant's cause of action. The action was hers alone, and was filed within the limitation period. There was no need to join her husband initially or by amendment.

---

9. Texas & P. Ry. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747 (1901); W. W. Clyde & Co. v. Dyess, 126 F.2d 719 (10th Cir. 1942); and Traglio v. Harris, 104 F.2d 439 (9th Cir. 1939); in each of which the non-resident married plaintiff sought relief under the substantive and remedial law of the forum, are not in point in a case such as the one at bar, where the plaintiff asserts the property rights afforded by the law of her matrimonial domicile. Cf. Matney v. Blue Ribbon, Inc., 202 La. 505, 12 So.2d 253 (1942).

The judgment of the trial court being in error, it is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.