J. H. BLAZEK, Appellant,

v.

Vesta Mary HAIZLIP et vir, Appellees.

No. 16892.

Court of Civil Appeals of Texas.

Dallas.

March 17, 1967.

Russell Dunn, Sherman, for appellant.

L. P. Bickel, of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

This appeal is from a "take nothing" judgment based on a jury verdict in a suit brought by J. H. Blazek for personal injuries allegedly sustained by his wife, Mary Frances Blazek, growing out of an automobile collision which occurred on August 25, 1965 in the City of Sherman, Texas. Blazek alleged that his automobile had been negligently struck on the left side by an automobile driven by Mrs. Haizlip in the intersection of Houston Street and Highland Avenue in the City of Sherman and that as a result of such collision Mrs. Blazek had sustained personal injuries. Mrs. Haizlip and her husband responded to the suit by contending that the collision was a result of contributory negligence of Mr. Blazek or that the collision was the result of an unavoidable accident.

Responding to special issues submitted to them the jury found that (1) Mrs. Haizlip had failed to keep a proper lookout on the occasion in question and that (2) such failure was a proximate cause of the collision; (8) that Mrs. Haizlip did not fail to yield the right-of-way to Mr. Blazek's automobile; (18) that Mr. Blazek failed to keep a proper lookout on the occasion in question and (19) such failure was a proximate cause of the collision; (20) that Mr. Blazek failed to yield the right-of-way to Mrs. Haizlip's automobile and (21) such failure was negligence and (22) such negligence was a proximate cause of the collision; (22–A) that Mrs. Blazek did not sustain personal injuries as a result of the accident and (24 & 25) there were no doctor bills, medical bills and hospital bills incurred, or to be incurred, by Mr. Blazek as a result of the injuries sustained by his wife in the collision.

Appellant seeks reversal of the judgment rendered against him in five points of error. In his first four points he contends that the findings of the jury to the effect that Mrs. Haizlip did not fail to yield the right-of-way; that he, Mr. Blazek, failed to keep a proper lookout, which was a proximate cause of the collision; and that Mrs. Blazek did not sustain injuries or incur medical expenses, are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. By his fifth point he charges that the trial court committed reversible error by requiring the

jury to start their deliberations at a late hour in the day.

■ Before we reach any of appellant's points an examination of the record reveals that the judgment must be affirmed. As stated above the jury, in answer to Special Issues 20, 21 and 22 found that appellant Blazek failed to yield the right-of-way to Mrs. Haizlip's automobile and that such failure was negligence which was a proximate cause of the collision in question. Appellant has not attacked these findings in any manner. Since appellant was guilty of contributory negligence which was a proximate cause of the collision judgment must go against him. It necessarily follows that appellant's attack upon the jury's answers to other issues becomes of no consequence to the ultimate disposition of this appeal. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Hunter v. Texas Electric Ry. Co., Civ.App., 194 S.W.2d 281, wr. ref., affirmed 332 U.S. 827, 68 S.Ct. 203, 92 L.Ed. 402; Le Compte v. Sanders, Tex.Civ.App., 378 S.W.2d 861.

■ We have, however, considered appellant's points complaining of certain answers of the jury as being contrary to the great weight and preponderance of the evidence. Since these points present to us questions of fact, as opposed to questions of law, a correct resolution requires us to study such by weighing all of the evidence in the case, including the evidence which supports the verdict and also evidence which is contrary to it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Williams v. Berry, Tex.Civ.App., 389 S.W.2d 89.

■ Having examined the record in the light of this rule we find no merit to any of appellant's points making this complaint. The evidence is conflicting upon the material issues submitted and the jury resolved these conflicts, as it had a right to do. We find nothing in this record which would support appellant's contention that the jury was motivated by bias or prejudice against appellant and his wife. Appellant's points 1 through 4 are overruled.

■ Appellant's fifth point, complaining of the action of the trial court in requiring the jury to begin their deliberations at a late hour in the day is without merit and is overruled. Appellant has brought forward no bill of exceptions which reveals such complaint nor do we find anything in the record to support the charge made.

The judgment of the trial court is

Affirmed.