**Bertha ROBERSON, Plaintiff,**

v.

**U-BAR RANCH, INC., Defendant.**

**No. 7310 Civil.**

United States District Court
D. New Mexico.

Oct. 1, 1968.

John P. Otto, Alamogordo, N. M., Joseph A. Calamia, Ronald R. Calhoun, El Paso, Tex., for plaintiff.

Allen C. Dewey, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

A motion under Fed.R.Civ.P. 19 to join plaintiff's husband as a party plaintiff in the present case has been filed by the defendant U–Bar Ranch, Inc. The basis for the motion is defendant's contention that, under the facts set out below, the law of Texas applies and requires the joinder of the husband in a wife's action for personal injuries.

Accompanied by her children, plaintiff came from the family domicil in Texas to the defendant's New Mexico ranch to spend the summer of 1967 there with her husband, who was one of defendant's employees. On June 27, 1967, her husband and at least one other employee, while acting within the scope of their employment, are claimed to have attempted to clear a clogged sewer line by the use of butane gas pressure. This operation apparently caused an explosion inside the ranch house residence provided by defendant for the use of plaintiff and her family. The explosion allegedly caused the injuries for which the plaintiff is seeking damages in this forum, although she and her family returned to Texas following the accident and are there presently domiciled.

 Both Texas and New Mexico are community property states, and both follow the general rule that all real and personal property acquired after marriage by either spouse other than by gift, descent, or devise is community property. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925); N.M.Stat. Ann. § 57–4–1 (1953). Texas courts have interpreted this rule to require that the cause of action and the recovery for personal injuries to the wife belong to the community, Arnold v. Leonard, *supra,* and that the husband is therefore the proper party to bring suit. See *e.g.,* Northern Texas Traction Co. v. Hill, 297 S.W. 778 (Tex.Ct.App.1927). Under the Texas interpretation, the contributory negligence of the husband would therefore be imputed to the wife, barring recovery on the cause of action. Blazek v. Haizlip, 413 S.W.2d 486 (Tex.Ct.App. 1967).

 New Mexico, on the other hand, has declined to adopt this interpretation and has held that the cause of action and recovery for personal injuries to the wife are her separate property. Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A.L.R.2d 1190 (1952). Under such circumstances, she may sue in her own name for pain and suffering and personal injuries without joinder of her husband, N.M.Stat.Ann. § 21–6–6 (1953), and her husband's contributory negligence is not imputed to her.

 It should be noted that New Mexico does appear to follow the rule that, where the cause of action belongs to the community, negligence of one spouse will be imputed to and bar recovery by the other spouse. See Baca v. Baca, 71 N. M. 468, 379 P.2d 765 (1963).

 This action is before the Court solely upon the basis of diversity of citizenship, so that the substantive law of New Mexico, including its conflicts of law rules, apply.

New Mexico has as yet adopted no conflicts rule which will determine what law to apply when suit is filed by a spouse who is domiciled in a state where the cause of action and recovery therefore are community property, so that the husband who was contributorily negligent must be joined as a party plaintiff, thus barring the wife's recovery.

The defendant argues that New Mexico would adopt the rule set forth in Restatement (Second), Conflict of Laws § 166, comment b, (Prop.Official Draft, Part II, 1968). The rule, in essence, requires first that the forum court look to the local law to see whether negligence of one spouse will be imputed to another if the negligent spouse would share in the recovery and second that the forum court look to the law of the spouses' domicil to determine whether any recovery would be community property and thus shared by the negligent spouse.

Since New Mexico apparently will impute negligence if the negligent spouse

will share in the recovery and since under the applicable Texas law the negligent spouse will so share, the defendant contends that an application of the rule necessitates the joinder of plaintiff's husband in the action and, if his negligence is established, bars recovery.

The plaintiff argues that New Mexico would not apply the Restatement rule to deny the wife recovery. Alternatively, the plaintiff argues that, if Texas law is applicable, the Texas legislature has enacted a statute which makes the recovery for personal injuries the wife's separate property and which is applicable to the present case, since its effective date was January 1, 1968. In view of the decision reached below, no consideration of this latter point is necessary.

There is one line of cases which hold that a nonresident married woman may invoke the property rights afforded her by her matrimonial domicil in order to sue and recover in a forum whose laws deny her that right. Reeves v. Schulmeier, 303 F.2d 802, 97 A.L.R.2d 718 (5th Cir.1962); Bruton v. Villoria, 138 Cal.App.2d 642, 292 P.2d 638 (1956); Williams v. Pope Mfg. Co., 52 La.Ann. 1417, 27 So. 851 (1900).

A second line of cases holds that a nonresident married woman may seek relief under the substantive and remedial law of the forum. Texas and Pacific Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747 (1901); Clyde & Co. v. Dyess, 126 F.2d 719 (10th Cir.1942); Matney v. Blue Ribbon, Inc., 202 La. 505, 12 So.2d 253 (1942). Notably, the Louisiana court in *Matney* granted a Texas plaintiff the right to sue and recover in her own name under the amended Louisiana law, distinguishing but not overruling *Williams*, in which the court had applied the law of the plaintiff's domicil in order to allow her to sue and recover.

■ From its review of New Mexico case law and legislative enactments on the subject of community property and married women's rights and from its review of rules adopted in other jurisdictions, the Court has concluded that New Mexico would find, where the forum state grants a plaintiff substantive and remedial rights, those cases which grant through comity a right afforded the plaintiff by the laws of her domicil are not in point. See Reeves v. Schulmeier, *supra,* 303 F.2d at 806, n. 9. It follows that New Mexico would not feel compelled to deny the plaintiff a right granted by it as the forum where that right is denied her by her domicil. The only case which does so hold is Choate v. Ransom, 74 Nev. 100, 323 P.2d 700 (1958), and the Court, because it believes that New Mexico would not do so, declines to follows its rule.

In the *Soto* case, the New Mexico court made clear its belief that the wife's cause of action for personal injuries and pain and suffering were her separate property, and thus recoverable by her in her own name under the provisions of N.M.Stat.Ann. § 21–6–6 (1953). The *Soto* decision is declarative of the public policy of New Mexico, and this Court will not, in the face of the tenor of that decision, adopt a rule which would achieve a result in the present case at variance with its decision and purport.

Neither the *Soto* case nor the statute giving married women the right to sue as if unmarried indicate that New Mexico intends to restrict the rights therein granted to New Mexico residents, and no such restriction will be here imposed. That the public policy of the state which make a wife's recovery for her personal injuries her separate property was declared by decision rather than by statute, as in *the Humble, Clyde,* and *Matney* cases, does not make a difference and does not compel the restriction of the *Soto* rule to resident married women. A state statute characterizing property rights has not been restricted to residents, despite the fact that the statute in question mentioned nothing about residence or domicil. In re Clark's Will, 59 N.M. 433, 285 P.2d 795 (1955).

■ It is concluded that New Mexico in the present case would apply its own law in order to grant a nonresident mar-

ried woman the right to sue and recover in her own name in an action for her personal injuries and pain and suffering.

Accordingly an Order denying defendant's Motion will be entered herein, together with this Memorandum Opinion.