STERLING OLIVER AND WIFE v. THOMAS W. ROBERTSON.

1. WHEN PROPERTY ACQUIRED BY HUSBAND AND WIFE IS NOT COMMUNITY.—When property is acquired, during marriage, while the parties reside in a State where the common law applicable to marital rights prevails, and the money thus acquired is invested in Texas, the property remains the separate property of the husband.
2. PARTIES IN SUIT FOR PARTITION.—In a suit for partition all those interested in the estate must be made parties, either as plaintiffs or defendants.
3. MISJOINDER OF CAUSES OF ACTION.—In a suit for partition of an estate, the plaintiff cannot join a claim against one of the parties interested, for services rendered, with a claim for the value of individual property of the plaintiff converted.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

Pamina Oliver, joined by her husband, sued Thomas W. Robertson, the surviving husband of the deceased mother of Pamina Oliver, and alleged in her petition that her mother died leaving surviving her children, the issue of the marriage between herself and Robertson, whose names were given, but who were not made parties defendant. The petition alleged that land and personal property mentioned constituted the community estate of Robertson and wife; that Robertson had never administered on the estate, and refused to recognize the right of Mrs. Oliver to any interest in her mother's estate; that when Mrs. Oliver " became

a widow, and went to live in the family of defendant," she carried certain personal property, which Robertson converted and had not accounted for, and that she rendered services for which she was not paid; but the petition does not state when this occurred. Plaintiff also alleged that some of her own individual property was used and converted by William and John Robertson, two of the heirs of plaintiff's deceased mother, which she asked might be accounted for in the settlement.

An amended petition averred that Robertson and his deceased wife removed to Texas from the State of Georgia in 1850; that Georgia " was a common-law State at that time," and that Robertson brought with him to Texas the money with which the property claimed to be community was purchased. The petition prayed the appointment of an auditor to take an account of and report the community property, &c., and for judgment for Mrs. Oliver's interest in her mother's estate. Exceptions were filed to the petition, which will be found embodied in the opinion. These exceptions were sustained, and Oliver and wife appealed.

*W. W. Morris*, for appellant.

*Jones & Bagley*, for appellees.

REEVES, ASSOCIATE JUSTICE.—The questions for decision in this case are presented by the exceptions to the original and amended petitions. After the general demurrer, defendant's special exceptions are:

1. That plaintiffs set out and claim to recover upon two distinct and separate causes of action and for want of proper parties.

2. Because they seek to recover for money loaned John Robertson in a suit against defendant, in which he is not a party or interested in the money loaned.

3. Because plaintiffs seek to recover the value of prop-

erty claimed by the wife in her own separate right, in a suit to recover her interest in her mother's estate, and for partition.

4. Because plaintiffs seek to recover for work and labor done, which is a separate cause of action, and cannot be joined in a suit for partition and division of the estate.

5. Because the heirs of Pamina Robertson are not charged to have any interest in the money loaned John Robertson, or in the work and labor done by plaintiff, Pamina Oliver, for defendant, nor in her cattle, &c.

The exceptions were sustained to the original and amended petitions; and the plaintiffs declining further to amend, their suit was dismissed, and they excepted, and prosecute this appeal.

We are of the opinion that there was no error in dismissing the petition on plaintiffs declining to amend.

The claim to the property, as belonging to the community of defendant and his deceased wife, is based on the allegations of the amended petition, averring that the parties removed from the State of Georgia to the State of Texas in 1850, and that the defendant, Thomas W. Robertson, brought with him to Texas four thousand dollars, with which he purchased the property described in the original petition, and which, as they contend, thereby became the community property of himself and wife by operation of law. The plaintiffs, further amending their petition, allege that two hundred and sixty dollars out of the community property was paid on the land, and that the increase of the property up to the death of Mrs. Robertson was of the value of two thousand dollars. The property claimed as belonging to the community of defendant and wife is a tract of land, some horses, hogs, sheep, cattle, household and kitchen furniture, &c.

There is no averment in the petition that Mrs. Robertson, the plaintiffs' mother, had any claim to the money brought by the defendant to Texas, as her separate funds.

On the contrary, the petition admits that the money was acquired by the joint efforts of Robertson and wife before they came to Texas from Georgia, and that Georgia, their former home, was a common-law State. Admitting that the common law was the law of marital rights in the State of Georgia at the time this money was acquired, it vested in the husband as his separate estate; and the purchase being made with this fund, the property remained the separate estate of the husband. (McIntyre *v.* Chappell, 4 Tex., 187; Love *v.* Robertson, 7 Tex., 6; Chappell *v.* McIntyre, 9 Tex., 163; Hall *v.* Harris, 11 Tex., 306; Rose *v.* Houston, 11 Tex., 326; Keyser *v.* Pilgrim, 25 Tex. Supp., 217.)

Conceding that there may be a small community interest in the land, to the extent of the payment out of the community property, and that the increase of the stock of cattle, &c., belonged to the community, and might be recovered under proper averments stating the facts, and showing that the increase was on hand at the death of Mrs. Robertson, the other heirs having an interest in the property, as shown by the petition, should have been brought before the court, either as plaintiffs or defendants, in order that the rights of all the parties might be adjudicated and settled. They were not made parties, and no steps were taken to bring them before the court by citation and publication, some of them being residents of the State and county where the suit was instituted, and others residing beyond the limits of the State, as shown by the petition. It is apparent that the petition was not framed with a view of litigating their rights in accordance with the practice under the statute and the decisions of this court.

The claims set up in the original petition for the services of Mrs. Oliver, rendered while living in the family of the defendant, and for the value of her property alleged to have gone into the possession of the defendant, are inconsistent, as causes of action, with plaintiffs' demand for par-

tition of the community estate among the heirs, as set up in the petition.

The averments that plaintiffs' mother held in her separate right the money which they allege went into the hands of William and John Robertson, impose no obligation on the defendant, Thomas W. Robertson, and show no cause of action against him under the allegations of the petition.

Whatever may be their rights on a proper application stating the facts, they cannot be adjudicated in this suit. As presented, they are inconsistent causes of action against parties not before the court, between whom and the defendant no privity of contract is shown and no liability to plaintiffs was incurred, as in the former instance.

The court could not require the plaintiffs to proceed to trial on any one of the grounds or upon any statement of their case less than the whole, if they chose to present it in that form; and declining to amend after the special exceptions were sustained, and we think properly sustained, the court could not do otherwise than dismiss the petition.

The judgment is therefore affirmed.

AFFIRMED.