SHEFFIELD, Tax Collector (STATE, Intervener) v. HOGG et al.

FEDERAL ROYALTY CO. v. STATE.

Motion Nos. 11692, 11693; Nos. 6001, 6130.

Supreme Court of Texas.

Feb. 27, 1935.

For former opinion, see 77 S.W.(2d) 1021.

Rucks & Enlow and Carlos B. Masterson, all of Angleton, G. P. Dougherty and F. T. Baldwin, both of Houston, and James V. Allred, formerly Atty. Gen., for plaintiffs in error.

Stephen L. Pinckney and David M. Picton, Jr., both of Houston, for defendants in error.

No. 6130:

Ike S. Handy, of Houston, for plaintiff in error.

Hart Johnson, of Fort Stockton, Brian Montague, of Del Rio, and James V. Allred, formerly Atty. Gen., and F. O. McKinsey, formerly Asst. Atty. Gen., for the State.

PER CURIAM.

The motions for rehearing and the several arguments filed in connection therewith have been carefully examined and considered and are overruled.

It has been suggested in a motion filed in connection with the motions for rehearing that the opinion be clarified by pointing out more particularly the nature of the royalty interest in section 32 involved in the "Federal Royalty Company Case," and which section is, for convenience, referred to in the opinion as an unpatented school land survey.

That section, after being classified as mineral, was sold by the state with reservation to the state of all of the minerals. It remained unpatented. The owner of the land under such sale leased the land for oil and gas, acting as agent of the state by the authority conferred in section 2 of chapter 81, Acts 2d Called Session of 36th Legislature, 1919, commonly known as the Relinquishment Act. Under the terms of that act, one-half of the royalty reserved in the lease belonged to the state and one-half to the owner of the soil, the agent-lessor. A part of the agent-lessor's royalty reserved in such lease of section 32 was conveyed to Federal Royalty Company, and that royalty so acquired and owned by said company is held by the opinion to be taxable like all the other royalties in both cases as an interest in land. The opinion does not undertake and was not intended to draw a distinction in connection with the taxation of royalties between patented and unpatented sold school land. The state's ownership of the minerals in public school land sold with reservation of the minerals, the landowner's right to lease such land for oil and gas under the Relinquishment Act, and the nature of the royalties reserved in such leases are the same whether the land is patented or unpatented.