## PECHSTEIN v. PECHSTEIN.

### No. 11325.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 13, 1943.

H. L. Faulk, of Brownsville, for appellant.

Davenport & Ransome, of Brownsville, for appellee.

NORVELL, Justice.

O. A. Pechstein brought this suit against his son, L. A. Pechstein, to quiet title to Tract 29, Share 27 of the Espiritu Santo Grant (El Jardin Subdivision), Cameron County, Texas.

Trial was to the court without a jury and judgment rendered for O. A. Pechstein.

The case is before us without express findings of fact and conclusions of law.

The property involved was acquired by appellee while domiciled in the State of Utah and during his marriage to Elizabeth Dorothy Pechstein, the mother of appellant. He claims the property was purchased by the use of his separate funds.

Appellant contends that the tract of land was the community property of O. A. Pechstein and Elizabeth Dorothy Pech-

stein, and that upon the death of his mother, intestate, he, as one of two children, inherited a one-fourth undivided interest in the tract.

The trial court presumedly found in accordance with appellee's testimony, admitted without objection, that the property involved was purchased by O. A. Pechstein with money brought by him to the State of Texas from the State of Utah, which he had there accumulated "in the grocery business, and loaning money and buying other property and selling it for a profit." There is some intimation that certain funds belonging to Mrs. Pechstein had contributed to the purchase price, but appellee testified to the contrary and we must presume the trial court held in accordance therewith.

Appellee contends that under the law of the State of Utah the funds used for the purchase of the Texas lands were his separate property, and therefore said lands became his separate estate. Cox v. McClave, Tex.Civ.App., 22 S.W.2d 961.

Appellant's principal contention is that appellee failed to prove that the funds used for the purchase of the lands were O. A. Pechstein's separate property under the laws of the State of Utah—that the presumption placed upon appellee by Article 4619, Vernon's Ann.Civ.Stats., was not discharged.

The parties entered into a stipulation that a certain "Volume of Revised Statutes of Utah, 1933," could be used as evidence of the constitutional and statutory enactments of the State of Utah during the period of time pertinent to this case.

It was further agreed that certain specific sections of the Revised Statutes of Utah constituted "all of the statutory and constitutional provisions of said state affecting the property rights of married women in the State of Utah, or with respect to the ownership of property by the husband and wife."

We need not discuss the provisions in detail. It is sufficient to say that if they be all the constitutional and statutory provisions of the State of Utah with respect to the ownership of property by husband and wife, then the State of Utah does not have by constitutional or statutory enactment a system or plan of property ownership by husband and wife which is even remotely similar to the Texas law of community property, as embodied in Articles 4613 to 4627, Vernon's Ann.Civ.Stats.,

Article XVI, Sec. 15, of the Constitution, Vernon's Ann.St.

Four decisions of the Supreme Court of Utah were also introduced in evidence, and from these decisions and the statutory enactments above referred to it reasonably appears that the law of Utah relating to property ownership by husband and wife is the English common law, modified in many important particulars by statutory enactments. None of these statutory provisions provide, however, that property or money acquired during marriage by one of the spouses in the operation of a business, or a trading or money lending enterprise, becomes the common property of husband and wife. It must, therefore, be concluded that funds or property so acquired were and are, under the laws of Utah, the property and funds of the husband, as the community system of property ownership is unknown to the common law. 23 Tex.Jur. 98.

Appellant's points disclose no reversible error. The judgment appealed from is affirmed.