## TASHER et al. v. FOSTER LUMBER CO. et al.

### No. 4454.

Court of Civil Appeals of Texas. Beaumont.

Oct. 23, 1947.

666

John T. Buckley, of Houston, and Jeff Cochran, of Cleveland, for appellants.

Vinson, Elkins, Weems & Francis, of Houston (C. M. Hightower, of Houston, of counsel), for appellees.

COE, Chief Justice.

This is a statutory trespass to try title action filed by the appellants, Louise N. Tasher, William Alan Neil, Dorothy Caroline Rudman, Charles Edward Neil, Jeff Cochran, John T. Buckley and Dan W. Jackson, against the appellees, Foster Lumber Company, Lena Combes, George Combes, Frank or Frank E. Combes, Virginia Combes Bond, Samuel Bond, Harriette Combes Spence and husband, Edward Spence, Vernon M. Combes, Jr., individually, and as executor of the estate of Vernon M. Combes, Sr., Milton A. Combes, Olive A. Houghton and Atlantic Refining Company, in the District Court of Mont-

gomery County, Texas, to recover the title to and possession of an undivided one-half interest in and to tracts of land in the T. J. Williams Headright League and the Presley Gill Survey in Montgomery County, Texas.

Appellants went to trial on their Third Amended Original Petition, which was filed November 1, 1946. This petition bore the following endorsement: "This suit is brought in trespass to try title as well as for damages."

Appellants alleged that Louise N. Tasher, William Alan Neil, Dorothy Caroline Rudman and Charles Edward Neil were the only surviving heirs of Nellie Neil Combes, who died in Colorado on the 15th day of January, 1931, and that no administration was taken out on the estate of Nellie Neil Combes, nor was there necessity therefor; and that they were the owners of a one-half undivided interest in the tracts or parcels of land by virtue of being the only surviving heirs of said Nellie Neil Combes, deceased, and that they assert title to such undivided one-half interest as a part of the community estate acquired by said Nellie Neil Combes and F. A. Combes, deceased. Date of ouster by defendants was alleged as January 2, 1943.

It was specifically alleged by appellants that Nellie Neil Combes, wife of F. A. Combes, owned a one-fourth community interest in the land and that said F. A. Combes owned a community one-fourth interest in the land under deed from W. L. Rogers to F. A. Combes and S. M. Combes, dated the 18th day of January, 1905, and that S. M. Combes was the owner of an undivided one-half interest therein. It was further alleged that the one-half interest S. M. Combes acquired by said deed passed through John C. Browder, administrator of the estate of S. M. Combes, deceased, by virtue of a judgment in favor of the heirs of Frank A. Combes; and that as Nellie Neil Combes was not a party to the judgment against the estate of S. M. Combes, deceased, the sale made under said judgment was for her use and benefit and that, therefore, she acquired title to an additional one-fourth undivided interest through the sale under the S. M. Combes judgment.

It was further alleged that the defendant, Foster Lumber Company, cut and removed the greater portion of the merchantable timber on the land with full knowledge of the rights of the appellants to their damage in the sum of $150,000.

The prayer was for the title and possession of one-half of the community interest of Nellie Neil Combes to the tracts of land, for writ of possession, for damages against the Foster Lumber Company for the manufactured value of one-half of the timber, and for general and special relief.

The Atlantic Refining Company, one of the original defendants, filed a declaimer.

The other defendants, the appellees here, went to trial on their First Amended Original Answer, consisting of a plea of not guilty, general denial, and the two, three, four, five, ten and twenty-five year statutes of limitations; laches and stale demand, estoppel, and bona fide purchasers.

At the conclusion of the testimony appellees filed and presented a motion for instructed verdict, which was by the court granted, and judgment was entered in favor of appellees that the appellants have and recover nothing as to the land and premises sued for.

Appellees' motion for instructed verdict was based upon the following grounds: (1) The plaintiffs failed to offer any testimony describing or locating on the ground the land sued for; (2) the plaintiffs did not connect themselves with the alleged common source of F. A. Combes and S. M. Combes, nor did they offer proof to show that the title of the defendants out of the claimed common sources was inferior, and plaintiffs failed to show any title out of the claimed common source into the defendants, Lena Combes, George Combes, Virginia Combes Bond, Samuel Bond, Harriett Combes Spence, Edward Spence or Vernon M. Combes, Jr., (3) plaintiffs having shown a sale of land out of the estate of S. M. Combes, deceased, through John C. Browder, administrator, for cash, failed to show any claim or title to that interest in the land; (4) there was no evidence to

support the allegations of plaintiffs that in the proceedings in the case of M. L. Combes, Administrator of the Estate of F. A. Combes, Deceased, V. S. M. Combes and the sale of the land thereunder any of the purchasers at such sale acted as trustee for the plaintiffs; (5) there was no proof whatsoever that the defendants and particularly the defendant, Foster Lumber Company, were not bona fide purchasers; (6) there was no proof that Nellie Neil Combes advanced the money for, or that F. A. Combes used the money or property of Nellie Neil Combes to acquire an interest in the property; and (7) there was no proof whatever that F. A. Combes was a resident of Texas on January 18, 1905, but the uncontradicted proof was that said F. A. Combes was a resident of Denver, Colorado, on such date, and, under the laws of Colorado, the property so acquired was the separate property of F. A. Combes.

The plaintiffs, appellants, also filed a motion for instructed verdict which was overruled by the court.

Appellants made no attempt to establish title from the sovereignty of the soil or under any statute of limitation, but undertook to recover under the doctrine of common source of title.

In an effort to show that appellants and appellees claim under a common source of title to the land in controversy, appellants offered in evidence the Patent of the two surveys involved; a deed from W. L. Rogers to F. A. Combes and S. M. Combes conveying portions of said survey, including the land sued for by appellants dated January 18, 1905; proceedings had in the estate of S. M. Combes in San Jacinto County, Texas, including the appointment of John C. Browder, administrator of said estate, and order of the court directing sale of the real property of said estate for cash; report of sale by said administrator showing sale made in obedience to the order of the court and deed of administrator for the sum of $16,000 to M. L. Combes, Frank Combes, Milton A. Combes, Vernon M. Combes, Olive B. Houghton and Lottie C. Carpenter dated February 29, 1936; additional proceedings had in the estate of S. M. Combes in said court including supplemental inventory and appraisement, administrator's application to sell certain real estate, order of the court approving application to sell and ordering that said tract of land be sold by said administrator at private sale for cash; administrator's report of sale stating that said property had been sold for a fair price, to-wit, $750 cash; order of court confirming sale and deed of the administrator to M. L. Combes, Frank Combes, Milton A. Combes, Vernon M. Combes and Olive B. Houghton, dated September 1, 1936. These two deeds conveyed all the interest of S. M. Combes, deceased, to the lands involved in this suit; general warranty deed from M. L. Combes, Frank Combes, Milton A. Combes and Olive B. Houghton to Foster Lumber Company, dated September 21, 1938, for the sum of $11,580, conveying various tracts of land in Montgomery, San Jacinto and Liberty counties, including the land in controversy, reserving to the grantors a one-half interest in and to the oil, gas and other minerals in, on and under said lands; deed from Lottie C. Combes and husband to Frank Combes, M. L. Combes, Vernon M. Combes, M. A. Combes and Olive B. Houghton, all of the grantors' interest in the Samuel Lusk, Peter Whitaker, R. G. Hamley and A. Martin Surveys in San Jacinto County, Texas, and the T. J. Williams League in Montgomery and Liberty counties and the Presley Gill Survey in Montgomery county, which deed is dated March 23, 1936; affidavit of Vernon M. Combes showing M. L. Combes, Frank Combes, M. A. Combes, Olive B. Houghton, Lottie C. Carpenter and the affiant, Vernon M. Combes, as the heirs of F. A. Combes, deceased; the divorce decree of F. A. Combes and his first wife, Caroline S. Combes, dated May 25, 1901; application of Frank A. Combes shown as being a resident of Houston, Texas, to marry Nellie S. Neil and certificate of marriage of Rev. Nona L. Brooks showing that he solemnized the rites of matrimony between Frank A. Combes of Denver, in the county of Arapahoe, in the State of Colorado, and Nellie S. Neil of Denver, in the County of Arapahoe, in the State of Colorado, in the presence of Martha C. Rouse and

Ione W. Langley on the 15th day of October 1902; the evidence further shows that Nellie S. Neil was formerly married to Charles D. Neil; that Charles D. Neil died January 14, 1931; and that there were five children born to Charles D. Neil and Mrs. Neil, and that four of such children are now living; that the four children of Charles D. Neil and Nellie Neil living are Charles Neil, Allen Neil, Dorothy Rudman, her husband is dead, and Louise Neil Tasher.

Appellants failed to offer any proof to show that Nellie Neil Combes died testate or intestate and, if intestate, that administration of her estate was had or that there was no necessity therefor. There was no affirmative evidence to show that Nellie Neil Combes did not have any children by some other marriage than her marriage to Charles D. Neil.

They also failed to offer any proof connecting the appellees, Lena Combes and George Combes with the title to the land in controversy originating in the deed from W. L. Rogers to F. A. Combes and S. M. Combes or to connect them in any way with Nellie Neil Combes or any of the appellants. All the foregoing title papers were offered by appellees to establish their title, together with additional evidence as follows:

(a) Proceedings had in the estate of F. A. Combes, in the Probate Court of Cuyahoga County, Ohio, showing appointment of Melville L. Combes as administrator of said estate;

. (b) Pleadings and proceedings had in Cause No. 17,900, styled John C. Browder, Administrator of the Estate of S. M. Combes, Deceased, v. M. L. Combes et al., in the District Court of Montgomery County, Texas, in which judgment was entered adjudicating that John C. Browder was the administrator of the estate of S. M. Combes, deceased, and that M. L. Combes, individually and as administrator of the estate of F. A. Combes, deceased, Frank Combes, Milton A. Combes, Olive B. Houghton, Lottie C. Carpenter, Vernon M. Combes and Mrs. Julia R. Combes, wife of S. M. Combes, deceased, were sole owners of the land involved in that litigation, (which included the lands involved in suit) and ordered partition of such land between said parties;

(c) Proceedings had in the estate of Vernon M. Combes, deceased, in the County Court of Pinellas County, Florida, including the will of Vernon M. Combes devising all of his property to his son, Vernon M. Combes, Jr., and to his daughters, Harriette Combes Spence and Virginia H. Combes, and showing the appointment of Vernon M. Combes, Jr., as executor of said estate;

(d) Affidavit of Charles E. Neil, one of the appellants, in which it recited that Nellie S. Combes was married to Frank A. Combes in Denver, Colorado, on October 15, 1902, the Rev. Nona L. Brooks officiating; that "Nellie and Frank A. Combes made their home at 1259 Columbine Street, Denver, Colorado, for some time after their marriage, although Mr. Combes spent a great deal of his time in Texas"; that no children were born to Nellie and Frank A. Combes during their marriage; and that Nellie Neil Combes died January 14, 1931, in Denver, Colorado, and that she was never divorced from Frank A. Combes;

(e) Testimony of the witness, I. R. Palmer, showing payment of all taxes by Foster Lumber Company on the lands involved in this suit for the years 1938 through 1946.

Other facts will be stated in the course of the opinion.

Upon the trial court instructing a verdict for the appellees and against the appellants, and entering a judgment that appellants take nothing by their suit, appellants, without having filed a motion for a new trial, have brought this matter up for review and assign 30 points of error claimed to have been committed by the trial court in the trial of this cause.

The first 18 points and points 20 to 29, inclusive, complain of the action of the trial court in admitting or excluding various items of evidence, while point No. 19 complains of the action of the trial court in overruling appellants' motion for an instructed verdict and point No. 30 complains of the action of the trial court in

granting appellees' motion for an instructed verdict.

The view we take of the matters here presented renders it unnecessary for us to discuss the various points complaining of the admission or rejection of proffered evidence. We are convinced that should we sustain each point which has any possible merit the result would be the same. We do not want to be understood as holding that the trial court committed error in any of its rulings in admitting or rejecting any evidence. We simply refrain from going into a discussion of the various points, as no good purpose would be served. All of such points are overruled as showing no error or if so that it is harmless error.

■ Appellants, for some reason, failed to brief point No. 30 which complains of the action of the trial court in instructing a verdict for appellees. This being true, such point of error could be considered as waived. However, since appellees have made no point because of such failure and have brought forward in its brief some 8 counter-points supporting the action of the trial court in granting such motion, we will consider same.

By appellees' counter-points, they contend that the trial court properly instructed the verdict for appellees for the reasons that appellants failed to establish any title from the sovereignty of the soil, under any statute of limitation, or prior possession, or under common source of title; that appellants failed to connect some of the appellees to the claimed common source; that they failed to prove title by common source by merely showing title from one grantee in a deed wherein there were two grantees and it was proved that appellees were claiming under both of such grantees; that since apellants were relying upon common source of title, sued for only one-half interest in the property claimed by inheritance of Nellie Neil Combes, and did not show that the appellees were in possession of the property and were claiming solely under the one-half interest; that the action of the trial court was proper because appellants failed to establish with reasonable certainty the identification or location of the lands for which they were suing and asking for possession and restitution; and because appellees were shown to hold legal title to the lands in controversy and appellants were claiming an equitable title under common source, failed to offer any evidence to show that appellees were not bona fide purchasers; and because the undisputed evidence showed that F. A. Combes, under whose second wife the plaintiff claimed, at the time of the purchase of the property, was domiciled in the State of Colorado, and since under the law of such State the land was acquired with and became and was the separate property of the said F. A. Combes; that since the deed from John C. Browder, administrator of the estate's interest in the property, to M. L. Combes and others for a recited cash consideration, passed to the named grantees as purchasers and not as heirs of F. A. Combes, deceased, and there being no evidence to show that said sale was to the named grantees as trustees for appellants, they failed in any event to show any title to the interest of S. M. Combes and the court properly instructed a verdict for appellees.

■ The rule of law which permits a plaintiff in a trespass to try title case by showing a common source of title has been stated many times by our courts. A correct statement of which is contained in Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185, 188: "The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title."

■ The evidence in this case wholly failed to connect the appellees, Lena Combes and George Combes, to any claimed common source of title, and since each of them filed pleas of "not guilty," the title to the entire estate sued for was placed in issue as between appellants and these appellees. Appellants having wholly failed

to show what connection, if any, such appellees had with the common source, and having failed to connect their own title with the sovereignty of the soil, the trial court had no alternative except to instruct a verdict against appellants in favor of the said Lena Combes and George Combes. Since the pleadings as between these parties placed the entire title to the lands in issue, a take nothing judgment would have the effect of divesting such title as the appellants might have had to the lands and vesting same in the appellees, Lena Combes and George Combes. 41 Texas Jurisprudence, page 685, section 177.

Since a take nothing judgment as to some of the appellees would divest appellants of all their title, if any, they had, they are in no position to complain of a take nothing judgment as to all of the appellees. We feel that the evidence is sufficient to establish W. L. Rogers as the common source of title as between appellants and the remaining appellees, but without any showing as to what interest each of the appellees claim, appellants could not recover against either of them without showing the common source of title as to all; and having failed to show any title other than the claim of common source, the trial court committed no error in instructing a verdict against appellants. See, Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705.

■■ Appellees' fifth counter-point to the effect that appellants failed to establish, with reasonable certainty, the identification and location of the lands for which they were suing is well taken as applied to a greater portion of the lands involved. In appellants' amended petition upon which they went to trial, they described the first tract as being 2289¾ acres of land out of the T. J. Williams League, except 40 acres conveyed by H. W. Downey to Allen Enloe, and a 16 acre tract deeded to Foster Lumber Company on the 11th day of January, 1909, referring to the deed records where such deeds were recorded; second tract as 293.7 acres out of the T. J. Williams League; third, 100 acres of land out of the T. J. Williams League; fourth 448.2 acres of land out of the Presley

Gill Survey, save and except some five tracts of land ranging from 10 to 70 acres in size, referring to the records for description of same.

In the deed from W. L. Rogers to F. A. and S. M. Combes, the alleged common source of title, the land conveyed is described as:

(1) 2289¾ acres of land out of the T. J. Williams League, less 40 acres conveyed to H. W. Downey to Allen Enlowe;

(2) 587½ acres of land in the T. J. Williams League;

(3) 448.2 acres of land out of the Presley Gill Headright.

Appellants offered no evidence locating or identifying the excepted tracts described in their pleadings. The rule applicable to such state of facts and as contended for by appellees is stated in 41 Texas Jurisprudence, page 582, Section 98, as follows: "The burden is upon the plaintiff to identify the land which he. claims, to establish its location and to show the extent of his interest in a described tract. Having failed to discharge this obligation, the claim of the defendant, the latter being in possession of the land, ought to be sustained."

Appellants having failed to offer any evidence locating and identifying the excepted tracts, they thereby failed to identify the lands sued for, so that an officer seeking to enforce a writ of possession under a judgment in his favor could locate the same and restore him to possession from which he had been ousted without such officer being required to exercise judicial functions. See: Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490; Simonds et al. v. Stanolind Oil & Gas Co., et al., 134 Tex. 332, 114 S.W.2d 226; Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319, and cases there cited.

■■ Appellees' sixth counter-point to the effect that appellees hold the legal title and appellants claiming equitable title under common source, having failed to offer any evidence to show that appellees are not bona fide purchasers, that an instructed verdict was proper must be sustained as it applied to appellee, Foster Lumber Company, for the reason that appellants offered

no evidence to show that the Foster Lumber Company knew that F. A. Combes was ever divorced from his first wife, Caroline Combes; that he was ever married to Nellie Neil Combes, or that Nellie Neil Combes had children by a former marriage or that she was dead. There is no contention made that the deed from W. L. Rogers, dated February 18, 1905, did not convey legal title to F. A. Combes and S. M. Combes, and that if Nellie Neil Combes, the second wife of F. A. Combes, ever had any title to the lands in controversy it was an equitable title to not more than an undivided one-fourth interest. Since appellants were seeking to recover on an equitable title, the burden was on them to prove that appellees were not bona fide purchasers of the legal title. Commonwealth, etc., Ass'n v. Howard, Tex.Civ.App., 61 S.W.2d 546; Bailey v. Shell Oil Corp., Tex.Civ.App., 95 S.W.2d 982; Anderson v. Gazaway, Tex.Civ.App., 80 S.W.2d 481; O'Connell v. Johnson, Tex.Civ.App., 122 S.W.2d 649; Harvey v. Humphreys, Tex.Civ.App., 178 S.W.2d 733.

We also sustain appellees' counterpoint No. 7, wherein they contend that the undisputed evidence shows that F. A. Combes, under whose second wife the plaintiff claimed at the time of the purchase of the legal title to said property, was domiciled in the State of Colorado, and since under the law of such state, the land was acquired with and became and was the separate property of F. A. Combes.

It was conclusively shown in the trial of this case that on the date of the deed from W. L. Rogers to F. A. and S. M. Combes, to-wit, January 18, 1905, F. A. Combes was a resident citizen of the State of Colorado and that the State of Colorado is a common law state without community property laws, and that under the laws of Colorado at that time, all property of a man domiciled in Colorado, real, personal or mixed, and all effects in his possession constitutes his separate property and the wife has no interest therein. The law of this state is that where property is acquired during marriage while the parties reside in a state where the common law as applicable to marital rights prevails, the property presumptively constitutes the separate property of the husband and the wife has no title thereto, either legal or equitable. Oliver v. Robertson, 41 Tex. 422; McIntyre v. Chappell, 4 Tex. 187 and cases there cited. Blethen v. Bonner et al., Tex.Civ.App., 52 S.W. 571; Id., 30 Tex.Civ.App. 585, 71 S.W. 290; Thayer v. Clarke, Tex.Civ.App., 77 S.W. 1050; Koger et al. v. Clark et al., Tex.Civ.App., 216 S.W. 434; Mayor v. Breeding et al., Tex.Civ.App., 24 S.W. 2d 542. Appellants contend that if F. A. Combes purchased the lands in controversy with funds earned by him in Texas, that the law of community property of Texas would prevail and that Nellie Neil Combes did own an equitable title to an undivided one-half interest in such property, and that the burden rested upon appellees to establish by the evidence that the property was not purchased with monies earned in a community property state. They cite no authority to sustain their contention. As we understand the rule, the presumption is to the contrary; that is, that monies in the hands of a husband residing in a common law state is presumed to be his separate property. That being true, it necessarily follows that lands purchased in Texas with his separate monies would be his separate estate.

We also agree with appellees' contention that there is no evidence in the record to sustain appellants' allegation and contention that the appellees, M. L. Combes et al., named as grantees in the deed from John C. Browder, administrator of the estate of S. M. Combes, deceased, took said title or any portion thereof as trustees for the appellants. There is no evidence in the record to support such contention. It, therefore, follows that the appellants showed no rights, title or interest in and to the undivided one-half interest originally owned by S. M. Combes. Since appellants were suing for one-half interest in the lands involved, and having asked the court to instruct a verdict for all the interest sued for, under no theory would the trial court have been authorized to grant such motion.

Since we have concluded that the judgment of the trial court must be affirmed, we do not feel called upon to discuss the other points presented either by appellants or appellees. The trial court having entered a proper judgment on the record as made, the same is affirmed.