## HUSTON

v.

## COLONIAL TRUST CO. et al.

### No. 5001.

Court of Civil Appeals of Texas.

El Paso.

Feb. 10, 1954.

Rehearing Denied March 17, 1954.

Elledge, Urban, Elledge & Bruce, Houston, for appellant.

John S. McKelvy, Jr., Pittsburgh, Pa., Graves, Dougherty & Greenhill, Austin, for appellees.

McGILL, Justice.

This is a suit by the executors, trustees and beneficiaries under the will of William E. Huston, deceased, against Elizabeth Woods Huston, the widow of William E. Huston, for a declaratory judgment that the widow has no interest in certain oil, gas and mineral interests in Texas purchased by deceased during his lifetime and standing in his name at the time of his death. Trial was to the court and judgment rendered that the widow appellant had no interest or estate in any of the Texas lands or interests or assets. We add that appellees applied for probate of the will of William E. Huston in the County Court of Upton County, Texas, and for ancillary administration, and that in that proceeding appellant filed a conditional election to take under the will of William E. Huston as to the properties in Texas. In this instrument appellant reaffirmed her election to take against the will in Pennsylvania, but concluded

"* * * that if the final judgment in said cause No. 888 in the 112th Judicial District Court of Upton County, Texas (this cause) does not sustain any of said contentions, then, and only in that event I, Elizabeth Woods Huston, do hereby reaffirm my election to take against the will in Pennsylvania but as to the property in the state of Texas owned or claimed in the name of William E. Huston at the time of his death I elect to take under the will."

There is no controversy as to the facts. It is stipulated:

"William E. Huston, referred to in plaintiffs' original petition, was a native of Pennsylvania and was a resident citizen of Pennsylvania throughout his entire life. He died in Allegheny County, Pennsylvania, on October 3, 1950, leaving a written will which has been admitted to probate in Allegheny County, Pennsylvania, and has also been admitted to probate in an ancillary proceeding in the County (Probate) Court of Upton County, Texas.

Certain interests in oil, gas and minerals in lands situated in the state of Texas were acquired by William E. Huston during his lifetime, and are described in the inventory and appraisement of his estate, filed in the Probate Proceedings (No. 572, Estate of William E. Huston, deceased, in the County Court of Upton County, Texas), and are also described in the 'Schedule of Texas Properties' attached to Plain-

tiffs' Original Petition in this cause, No. 888, in the District Court of Upton County, Texas, 112th Judicial District.

William E. Huston was married to Elizabeth Woods Huston on the 3rd day of January, 1923, in the State of Pennsylvania, where they continued to reside thereafter as husband-wife until his death. All of said interests in oil, gas and minerals in lands situated in the State of Texas were thereafter purchased by William E. Huston with money that was earned by William E. Huston while he was the husband of Elizabeth Woods Huston. There were no children born of such marriage and no children were adopted by them or either of them during such marriage.

Elizabeth Woods Huston on October 25, 1950, executed and filed in the office of the Clerk of the Orphans' Court of Allegheny County, Pennsylvania, an election of refusal to accept under the will of William E. Huston, deceased, as is shown by true copies of such election attached to Plaintiffs' Original Petition in this cause.

William E. Huston was survived by his widow, Elizabeth Woods Huston; his brother, John T. Huston; his brother's wife, Grace Huston; and by Grace A. Huston, the only child of John T. Huston and Grace Huston; and the said William E. Huston was not survived by any other issue or descendant of the said John T. Huston and Grace Huston."

By the terms of the will of William E. Huston, after payment of debts his estate was devised to appellee Colonial Trust Company and John T. Huston in trust. By the terms of this trust appellant was to receive one-half of the net income of the trust estate in quarter-annual payments during the term of her natural life or until her remarriage.

▪ Appellant's first point is that she had a vested legal right and title and ownership of an undivided one-half interest in the Texas mineral and royalty interests held in the name of her husband at the time of his death, of which he could not divest her by his will, and that she asserted such title by her electing in Pennsylvania to take against his will. She relies on a Pennsylvania statute, 20 Purdon's Pennsylvania Statutes Ann. § 180.8 (which is not available to us) but which is quoted in appellant's brief as follows:

"(a) Right of election. When a married person dies testate as to any part of his estate, the surviving spouse while living shall have a right of election under the limitations and conditions hereinafter stated.

"(b). Share of estate. The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and personal estate of the testator, if the testator is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances the surviving spouse shall be entitled to one-half of the real and personal estate of the testator."

Both parties agree that if the husband's money paid for the Texas mineral interests, which have been held to be real property. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741, the land was his separate property. Oliver v. Robertson, 41 Tex. 422; Tasher v. Foster Lumber Co., Tex. Civ.App., 205 S.W.2d 665; Pechstein v. Pechstein, Tex.Civ.App., 174 S.W.2d 787.

▪ The controversy revolves around the nature of the wife's interest in the earnings of the husband during the marriage, under the laws of Pennsylvania. It seems to be conceded that Pennsylvania is a common law state, and that unless the common law has been changed or modified by statute all earnings of the husband during the marriage are his separate property and the wife has no interest therein. As stated, appellant relies on the statute above quoted.

▪ Appellant has almost worn us down with citation of Pennsylvania authorities in

an effort to convince us that under the statute the wife has some interest in the property of her husband *before his death* akin to the community interest of a wife in Texas, and that this interest followed the earnings of the husband when invested in Texas land during his lifetime. We have carefully read and considered all of appellant's authorities and we are not convinced. We think the case of Willcox v. Pennsylvania Mutual Life Insurance Co., 357 Pa. 581, 55 A.2d 521, 530, 174 A.L.R. 220, has put the matter at rest. We quote from the opinion in that case:

"All that the wife has, while the marriage continues, is a mere expectancy or hope to receive a moiety of the assets that may happen to exist when the marriage is terminated."

The statute referred to was in effect when this pronouncement by the highest court of Pennsylvania was made. Clearly a mere expectancy or hope could confer no vested property right during the life of the husband in the husband's separate property. The rights to which the widow is entitled by virtue of the statute arise only after the death of the husband. His earnings during his lifetime were his separate property under the Pennsylvania law and their status under the above authorities must be recognized when they are invested by him in Texas land. We overrule appellant's first point.

Appellant's second point is that the trial court erred in failing to hold that she takes under the will of William E. Huston as to all Texas mineral and royalty interests by virtue of her conditional election to take under the will, which she alleges she filed in the ancillary probate proceeding in Upton County. There seems to be a conflict of authority as to whether or not an election to take under a will in a foreign state is operative as to lands in other states. The weight of authority seems to be that such election is binding in the state where the land is situated. See 69 C.J. 1091, Sec. 2332; 69 C.J. 1138, Sec. 2439; 69 C.J. 1143, Sec. 2447.

So far as we have been able to ascertain the matter has never been adjudicated in this state and is one of first impression. However, we are constrained to follow the majority rule. It may be unnecessary under the facts in this case to authoritatively determine that the majority rule is controlling in this state. The instrument which appellant filed in the county court of Upton County which she designated as a conditional election to take under the will as to the properties situated in the state of Texas specifically provides that it is only if the final judgment in this cause should not sustain her contentions to effect that she is entitled to one-half of the property by reason of the Pennsylvania law that she elects to take under the will. It is in effect an election not to take under the will if it should ultimately be held that she is entitled to one-half of the properties under the Pennsylvania law. A different question would be presented had she filed nothing in the County Court of Upton County, or had she filed an unqualified election to take under the will as to the Texas land. Under the facts as they are presented to us we think it abundantly appears that appellant had indicated her refusal to take under the will in Texas at the present time—in other words, she in effect says "I will make up my mind whether I will take under the will as to the Texas land if and when the final judgment in this cause determines that I am not entitled to half of the Texas land by virtue of the Pennsylvania law." Therefore, on the facts as presented to the trial court and to us we hold that appellant does not take any interest in the Texas lands under the will and her second point is overruled and the judgment is therefore affirmed.

### On appellant's motion for rehearing.

Appellant complains of our statement that "both parties agree that if the husband's money paid for the Texas mineral interests, * * * the land was his separate property."

In the second axiom stated by appellant on page six of his brief he states that where

money is brought from another state and invested in land, the courts in the state which is the situs of the land will hold that the land is owned exactly as the money was owned.

While it seems to us that this admission by appellant, which is unquestionably the law, justifies our statement, yet in order that there may be no chance of misunderstanding as to our meaning, the statement was in no way intended to evidence an agreement by appellant that under the Pennsylvania law the husband's earnings were his separate property. This was our holding, to which we still adhere.

With this explanation the appellant's motion for rehearing is overruled.