180 So.2d 564 (1965)
Lelby BLANCHARD, Plaintiff-Appellee,
v.
Jacque H. BLANCHARD et al., Defendant-Appellant.
No. 1555.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Lewis & Lewis, Seth Lewis, Jr., Opelousas, for defendant-appellant.
Tate & Tate, by I. J. Burson, Jr., Mamou, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
Plaintiff brought suit in Louisiana against his brother, Jacque H. Blanchard, and Springfield Insurance Company, the brother's liability insurance carrier, for damages incurred in an automobile accident which occurred in Port Arthur, Texas. Both plaintiff and defendant brother are residents of Louisiana.
Plaintiff's petition alleges that he was a guest passenger in the insured automobile driven by his brother late in the afternoon of December 15, 1962; that his brother had picked him up in Port Arthur and was driving him to the Texaco docks there so that plaintiff, a seaman, could debark on his ship; that, in so doing, the defendant brother, heedless to plaintiff's warning, went too fast in a heavy fog, failed to negotiate a curve and collided with a roadside sign.
The defendant insurer filed a motion to dismiss as to it on the basis of the accident *565 having occurred in Texas, thereby prohibiting a direct action against the insurer in Louisiana.
Additionally, both defendants answered plaintiff's petition, the defendant insurer reserving its rights under the motion to dismiss, alleging that since the accident occurred in Texas, the action should be governed by the Texas Guest Statute (Article 6701b, Vernon's Annotated Civil Statutes), requiring that in order for a guest passenger to recover under that statute it must be shown that the "* * * accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others", and on that basis, denying any liability to plaintiff.
The defendant insurer's motion to dismiss was sustained by the lower court, and plaintiff's suit dismissed as to it.
Proceeding as against the defendant brother alone, trial was held on the merits, the lower court finding in favor of plaintiff and awarding damages totalling $4,589.70.
From that judgment, this appeal has been brought.
On appeal, plaintiff makes no contention regarding the dismissal of the action as to the insurance carrier. It is clear under the provisions of LSA-R.S. 22:655 that the accident must have occurred in Louisiana in order to support a direct action against the insurer, and we take it that plaintiff concurs.
The issue for determination, then, is the presence of such negligence on the defendant brother's part as would support the lower court judgment in plaintiff's favor.
Plaintiff contends, in effect, that defendant's conduct was grossly and wantonly negligent, thus allowing recovery under the Texas guest statute. Defendant, on the other hand, contends to the contrary, taking the position that, at worst, his acts were those of ordinary negligence only, prohibiting recovery under the statute.
Two witnesses testified; plaintiff and the defendant brother. Their testimony, however, is not conflicting on the whole, and from the totality of it, the following emerges:
1. The posted speed limit on the road where the accident occurred was twenty-five miles per hour;
2. The defendant knew of that speed limit, and admitted that he was exceeding it, his estimated speed being thirty-five or forty miles per hour;
3. It was a very foggy evening, and visibility was limited to approximately fifteen to thirty feet with the car lights on dim;
4. As the automobile began to approach the curve in the road, plaintiff warned his brother to "Watch", or "Watch out", feeling that he was going too fast, considering the fog and the up-coming curve;
5. The defendant brother was familiar with the road, as was plaintiff, and knew of the presence, location and general shape of the curve;
6. The defendant brother testified that he figured that plaintiff's warning was an admonition regarding his speed; that, nevertheless he did not really slow down in any appreciable degree or apply his brakes; that he did not slow down because "* * * I thought I could turn it, I guess, being that I was familiar with the road," that he did not and could not see the curve until he was already on it and leaving the roadway; that, had he heeded plaintiff's warning at the time it was given, "chances are" he could have slowed down enough to negotiate the curve.
We are not unmindful of the fact that testimony in a suit involving equities between brother and brother might, under some circumstances, be looked upon with a jaundiced eye. However, in the instant case there is nothing whatever in the record to suggest that either party was relating any more or less than the truth as he saw it. *566 The trial judge saw and heard the witnesses, and his belief in their credibility is apparent. Therefore, we will take the evidence, as reflected by the record, at face value.
The pertinent portion of the Texas guest statute reads as follows:
"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."
In his brief, defendant has cited, among others, the case of Fancher v. Cadwell, Tex. Civ.App., 309 S.W.2d 545. In the body of that opinion, numerous Texas authorities are cited and reviewed, including cases cited by defendant in the instant case. It is apparent that the Texas courts have, at various times, given varying interpretations of the rule of law expressed by the guest statute, some rather strict and others liberal by comparison. Be that as it may, Fancher v. Cadwell, as above cited, was subsequently brought before the Supreme Court of Texas, and is reported at 159 Tex. 8, 314 S.W.2d 820. The latter court reversed the prior holding, finding that the defendant driver's act in entering a highway from a side road and attempting to cross the highway diagonally when another vehicle was approaching on the highway, amounted to that "conscious indifference" contemplated by the guest statute; that, the fact that defendant thought he could make it across the highway was of no import. The court commented further that the period of time during which negligent conduct exists is not the sole criterion of gross negligence, thus limiting the interpretation given by the Texas Court of Civil Appeals in the Fancher case (as first above cited) to the case of Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, also cited by defendant in the instant case, to the effect that gross negligence must be a continued and consistent course of action as opposed to momentary thoughtlessness, inadvertence or error of judgment.
We also note with interest the case of Schafer v. Stevens, et al., Tex.Civ.App., 352 S.W.2d 471, in which the physical facts are somewhat similar to those of the instant case, wherein the court found the defendant free of the negligence required by the guest statute, but stated:
"There is no evidence that he knew beforehand the hazards of the road, yet knowingly and with conscious indifference ignored hazards of which he had foreknowledge, as is the case in Fancher v. Cadwell * * *."
Applying the rationale of the above cited cases to the facts of the instant case, we see no manifest error in the lower court's judgment in favor of plaintiff. Stated briefly, the defendant in the instant case travelled a foggy road, familiar to him, and with foreknowledge of the existence and approximate location of the curve, in a manner apt to, and which did in fact, cause injury to his guest passenger, heedless of his guest's warning, and without making any real attempt to reduce his rate of speed. As in the Fancher case, his belief that he could negotiate the curve should be of no import. Accordingly, the decision of the lower court herein should, in our opinion, stand undisturbed.
In plaintiff's brief, considerable attention and effort is given to plaintiff's contentions that, in any event, the rule of the guest statute should not apply in the instant case for the reason that the accident occurred (apparently, but not proven) on a private road as opposed to a public highway, and also because Louisiana has the primary interest in the equities between the parties, thus minimizing the usual rule of "lex loci delicti", in accordance with an alleged modern trend away from a strict adherence *567 to that rule. In view of our affirming the judgment of the lower court, it is not necessary to discuss those matters.
Neither party questions the quantum of damages fixed by the lower court, and it appears to be well in line with the nature and extent of plaintiff's injuries.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.
TATE, J., concurs with written reasons.
TATE, Judge (concurring).
The writer concurs that an affirmance is justified, whether Texas or Louisiana law supplies the duty of the defendant Louisiana driver toward his plaintiff Louisiana passenger. In our court's opinion, we assume, most favorably to the defendants, that Texas law applies as the law of the place of the tort, i. e., Texas where the accident occurred.
Nevertheless, the writer did not wish the occasion to pass without noting that there is in truth little reason for Texas law to furnish the duty to be enforced by a Louisiana court in a suit between Louisiana residents arising out of an accident of a car based and insured in Louisiana.
The "law of the place of the tort" is not a rule provided by statute. It is rather a jurisprudential principle rather lately imported into Louisiana. It is a principle which is being repudiated as arbitrary and not founded upon sound reasons of law or policy, both by the courts of many other jurisdictions and also by the proposed Second Restatement of the Law of Conflict of Laws.
See Comment, Conflict of Laws in Louisiana: Tort, 39 Tul.L.Rev. 96 (1964); Weintraub, Revolution in the Choice of Law for Torts, 51 American Bar Ass'n. Journal 441 (May, 1965); Reese, Conflict of Laws and the Restatement Second, 28 Law and Contemporary Problems 679 (1963); Ehrenzweig, The "Most Significant Relationship" in the Conflicts Law of Torts, 28 Law and Contemporary Problems 700 (1963); Symposium (by leading conflict-of-law scholars) on Babcock v. Jackson, 63 Colum.L.Rev. 1212 (1963). See also Professor Rheinstein's exhaustive analysis of the irrationality and lack of legal foundation of the rule requiring automatic application in torts of such rule: "The Place of Wrong: A Study in the Method of Case Law", 19 Tul.L.Rev. 4 (Part 1), 165 (Part 2).
Since our court is not by the present facts required to decide whether the original bases of the Louisiana decisions importing the principle into Louisiana law have been eroded by subsequent developments concerning the non-Louisiana authorities upon which the principle was initially based, the writer concurs with our majority opinion as written.