Ray F. FRY, Tutor of the Minors, Lauren Owen, Tracy Owen, and Kelly Owen,

v.

LAMB RENTAL TOOLS, INC., Eagle Star Insurance Company, Ltd., Paul Fournet Air Service, Inc., and Pacific Indemnity Company.

Grady B. YAWN

v.

LAMB RENTAL TOOLS, INC., Eagle Star Insurance Company, Ltd., Paul Fournet Air Service, Inc., and Pacific Indemnity Company.

Civ. A. Nos. 12535, 12856.

United States District Court
W. D. Louisiana,
Lafayette Division.

Oct. 16, 1967.

Domengeaux, Wright & Bienvenu, Bob
F. Wright, Lafayette, La., for plaintiffs
in No. 12535.

Bean & Rush, Warren D. Rush, Lafayette, La., for plaintiff in No. 12856.

Hall, Raggio, Farrar & Barnett, R. W.
Farrar, Jr., Lake Charles, La., for intervenor.

Davidson, Meaux, Onebane & Donohoe,
James E. Diaz, Lafayette, La., for Paul
Fournet Air Service.

Durrett, Hardin, Hunter, Dameron &
Fritchie, Wallac A. Hunter, Baton Rouge,
La., for Eagle as insurer of Lamb.

Kennon, White & Odom, John S. White,
Jr., Baton Rouge, La., for Eagle as insurer of Paul Fournet Air Service.

## MEMORANDUM OPINION ON MOTIONS

PUTNAM, District Judge.

These two cases arise out of an airplane crash which occurred in Texas on May 11, 1966. From the face of the papers it appears that the Court has jurisdiction based upon diverse citizenship of the litigants, the amount in controversy being in excess of $10,000.00.

The airplane in question was owned by Lamb Rental Tools, Inc.; it was regularly maintained and kept in repair at Lafayette, Louisiana, by Paul Fournet Air Service, Inc. These corporations are named as defendants and both are domiciliaries of the State of Louisiana having their principal places of business in Lafayette. The accident occurred on takeoff from a Houston airfield after a stopover en route to Tulsa, Oklahoma, from Lafayette. At the time it was piloted by an employee of Lamb; the co-pilot was also hired by Lamb for this particular flight, although he is a regular pilot on the payroll of defendant Fournet Air Service.

In the Fry case the plaintiffs are three minor children of Dale R. Owen and Beverly Fry Owen who died in the crash. The minors are represented by a Texas citizen, Ray Fry, as the court-appointed tutor of his grandchildren. No claim is made by the tutor for himself individually.

In the Yawn case the plaintiffs are the three minor children of Mrs. Virginia Marie Lamb who also died in this unfortunate accident. Mrs. Lamb was survived by her husband, Edward C. Lamb, in addition to the plaintiffs, Mr. Lamb being a citizen of Louisiana. The tutor, Mr. Yawn, is a citizen of Texas and was appointed provisional tutor for the minor children for the purpose of bringing this suit. Although significant jurisdictional questions are suggested by this factual situation and also by the provisions of Article 2315 of the Revised Civil Code of Louisiana of 1870, LSA -C.C. Article 2315, which provides that the action for wrongful death under Louisiana law exists in favor of the surviving spouse and children of the decedent, we do not consider these questions as they have not been raised and argued by the parties.

 The motion to dismiss is based upon the provisions of the Texas wrongful death statute, Articles 4671–4678,

Vernon's Ann.Texas Civil Statutes, which provide:

"Action may be brought by surviving husband, wife, children and parents of the person whose death has been caused or by either of them for the benefit of all * * * "

Under the jurisprudence of Texas it is established that each of the beneficiaries named in the statute must be made parties to the suit or suit must be prosecuted by one or more of such beneficiaries for the benefit of all. Schafer v. Stevens, 352 S.W.2d 471 (Tex.Civ.App.1962); Webb v. Huffman, 320 S.W.2d 893 (Tex. Civ.App.1959); Henwood v. Richardson, 163 S.W.2d 256 (Tex.Civ.App.1942); Greathouse v. Fort Worth and D. C. Ry. Co., 65 S.W.2d 762 (Tex.Com.App.1933); Cobb Brick Co. v. Lindsay, 277 S.W. 1107 (Tex.Civ.App.1925). These authorities further establish that the beneficiaries named in the statute are necessary parties to such an action.

In the Fry case, the parents of the decedents are not made parties plaintiff and, under Texas law they must be joined as such or the suit should be dismissed. Similarly, in the Yawn case, the surviving spouse is not made a party plaintiff nor are the parents of the person deceased joined as plaintiffs. Defendants argue that under the conflicts of law rule that prevails in Louisiana the lex loci delicti applies and these suits must be dismissed, pursuant to 28 U.S. C.A., F.R.Civ.P. Rule 19.

Counsel for plaintiffs forcefully contend that the more modern theory of "significant contacts" or the so-called "center of gravity" rule should be adopted and followed in this case, under which theory Louisiana law would govern the rights of the parties. It is pointed out that the circumstances of this case are especially appropriate for application of the theory. We are referred to dicta in two recent Louisiana cases, Doty v. Central Mutual Insurance Company, 186 So. 2d 328 (La.App.1966), and Blanchard v. Blanchard, 180 So.2d 564 (La.App.1965), wherein it is suggested by one of the learned judges of the Third Circuit Court of Appeal of this State, Honorable Albert Tate, Jr., that Louisiana should adopt and follow the "significant contacts" doctrine in such cases. See authorities cited in these opinions.

On the other hand, it is the established rule of Louisiana that the substantive law of the place where the tort was committed or the accident occurred will govern a determination of the rights of parties to a suit filed in Louisiana in a cause of action ex delicto. Burke v. Massachusetts Bonding and Insurance Co., 209 La. 495, 24 So.2d 875 (1946); Matney v. Blue Ribbon, 202 La. 505, 12 So.2d 253 (1942); Nicholson v. Atlas Assurance Corp., 156 So.2d 245 (La.App. 1963); Watkins v. Cupit, 130 So.2d 720 (La.App.1961); Mock v. Maryland Cas. Co., 6 So.2d 199 (La.App.1942).

In Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the Supreme Court unmistakably and clearly stated that "the proper function of the * * * federal court is to ascertain what the state law is, not what it ought to be." (313 U.S. at 497, 61 S.Ct. at 1022.) Under the clear mandate of this decision we must apply the settled conflicts rule of Louisiana stated above. The considerations set out by Judge Tate in the two appellate court decisions are most compelling and it is the opinion of this court that this rule will ultimately come to be the law of Louisiana. But until an authoritative pronouncement is forthcoming in a case where the question is squarely presented, we cannot substitute our views for an established principle. Consequently, the motions to dismiss for failure to join necessary parties filed in each of these cases by the defendants are granted. The plaintiffs may, however, amend the present petition so as to comply with the requirements of the Texas statutes within a period of thirty (30) days from this date. Should they fail to do so, the Clerk

is directed to enter judgment in accordance herewith dismissing both actions.

 The motions to strike and for a more definite statement are also granted. Texas law does not permit recovery of damages by a party to a wrongful death action for sorrow, grief, loss of love, affection, and companionship. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162 (1957); International and GNR. Co. v. McVey, 99 Tex. 28, 87 S.W. 328 (1935). Insofar as the petitions in these two suits claim such damages, the allegations are redundant and immaterial under the substantive law of the State of Texas; consequently, pursuant to 28 U.S.C.A., F.R.Civ.P. Rule 12 (f) they should be stricken. It is so ordered.

In connection with the defendants' motion for more definite statement, in keeping with our previous decisions on this point, plaintiffs should amend the petitions to set forth the special damages prayed for as required by 28 U.S.C.A., F.R.Civ.P. Rule 9(g).

In ruling on the motions to strike and the motions for more definite statement pending in these two cases the Court assumes that plaintiffs will attempt to correct the deficiencies of their pleadings to comply with the requirements of the Texas statutes and will proceed further in this court. This may prove a difficult road to travel, especially for the Lamb children.[1]

Defendant Eagle Star Insurance Company has moved for its dismissal from the suits for the reason that there is no right of direct action against liability insurers in the State of Texas, and this suit is barred by the "No Action" clause of the policy. Since the law of Texas is to apply, this motion is also granted.

---

1. See Trahan v. Southern Pacific Co., 209 F.Supp. 334 (W.D.La.1962). Even if the Louisiana law were to be applied in the Yawn case, Mr. Lamb's joinder would be required and jurisdiction would be destroyed for lack of diversity.