JONES, Judge.
The plaintiff, Stephen E. Clausen, appeals from a judgment rejecting his demands for permanent alimony from his former wife, Mary Louisa Clausen. We affirm.
The trial court overruled an exception of no cause of action. The exception was based upon the provisions of C.C. Article 160[1] and the interpretation of this Article in the recent supreme court decision reached upon rehearing in the case of Loyacano v. Loyacano, 358 So.2d 304 (La.1978) which held that it does not provide permanent alimony for the husband. Following the trial of the alimony rule, the trial court determined that C.C. Article 160 provides for alimony for a husband, but denied the plaintiff, who was earning no money, alimony because of his ability to work and provide his own means of support. The trial court acknowledged that the latter determination was contrary to the rationale of the supreme court decision in Ward v. Ward, 339 So.2d 839 (La.1976) which held “If the wife is unemployed, however, and receives no earnings, her earning capacity or potential income is not a proper basis for rejecting alimony. Earning capacity alone does not fall within the definition of ‘means’ in Article 160”. p. 842
We affirm the judgment rejecting the husband’s claim for alimony for different reasons than those upon which the trial court based its decision.
*810 In the decision of Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970) the supreme court reversed this court which had applied Louisiana tort law to an Arkansas automobile accident. The supreme court said:
“So far as we can ascertain, this is the first case in the history of the jurisprudence of this State in which a Louisiana court has applied Louisiana law to a foreign tort; this, in spite of urgings to the contrary. Fry v. Lamb Rental Tools, 275 F.Supp. 283 (W.D.La.1967); Doty v. Central Mutual Ins. Co., 186 So.2d 328 (La.App.1966); Blanchard v. Blanchard, 180 So.2d 564 (La.App.1965) concurring opinion of Judge Tate. What is unique here is that this departure from the settled jurisprudence should be undertaken by an intermediate court. The action involves, at least, a failure by the Second Circuit to recognize its obligation to follow the settled law of this State. For, since the question is not regulated by statute, the law is what this Court has announced it to be.” [emphasis added] pp. 217, 218
While there is no extensive line of jurisprudence addressed to the constitutionality of C.C. Article 160, we find the Loyacano v. Loyacano, supra, interpretation of the Article, the legislative history and cases cited in the opinion in support of it, at least at this time, results in the law that the husband has no right to alimony being well settled within the contemplation of Johnson v. St. Paul Mercury Ins. Co., supra.
Since there is no statutory provision providing for alimony for the husband, the law as to his right to it is what the supreme court says it is and the supreme court says he has no right to alimony.
We AFFIRM at appellant’s cost.

. C.C. Article 160 — “When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one third of his income . . . ”